## MASON v. PENN MUTUAL LIFE INS. CO.

No. 11286—Opinion Filed June 5, 1923.

Rehearing Denied July 17, 1923.

### Mortgages—Failure to Release — Action for Penalty—Burden of Proof.

In an action against the holder of a real estate mortgage to recover a forfeiture or penalty under section 4023, Rev. Laws 1910, for failure to release the mortgage of record upon payment of the amount due on the mortgage, it must be alleged in the petition, and proved upon the trial, that the expenses of filing and recording such release were paid or tendered to the holder of the mortgage.

Error from District Court, Woods County; T. P. Clay, Judge.

Action by Harry E. Mason against the Penn Mutual Life Insurance Company, a corporation. Judgment for defendant. Plaintiff appeals. Affirmed.

C. H. Mauntel and J. W. Barry, for plaintiff in error.

A. J. Stevens and H. A. Noah, for defendant in error.

Opinion by RAY, C. This is an action to recover a forfeiture, for failure to release a real estate mortgage, under section 4023, Rev. Laws 1910 (7642, Comp. Stats. 1921), which reads as follows:

"If the holder of any mortgage on real estate shall neglect or refuse for ten days after being requested by the mortgagor, his agent or attorney, to release such mortgage, such holder of a mortgage shall forfeit and pay to the mortgagor one per centum of the principal debt per diem from and after the expiration of such ten days to be recovered in a civil action in any court having jurisdiction thereof, but such request must be in writing and describe the mortgage and premises with reasonable certainty and be accompanied by the expense of filing and recording such release."

The trial court sustained a demurrer to plaintiff's evidence, and directed a verdict for defendant, from which plaintiff appeals.

The plaintiff, in his amended petition, upon which the trial was had, alleges, in substance, that he, as the grantee of the mortgagor, had assumed the payment of a $3,000 mortgage due April 1, 1916; that he wrote the defendant, owner and holder of the mortgage, that he desired to pay it the day it was due, and asked for instructions as to how, to whom, and in what manner, payment should be made; that in reply he received the following letter:

"The Penn Mutual Life Insurance Company
    "Philadelphia.
                    "March 14, 1916, BS"
"Mr. Harry E. Mason,
    "C-o The Alva State Bank,
    "Alva, Okla.

"Dear Sir:

"We have your letter of the 11th instant, referring to mortgage No. 13222, covering your farm property in Woods county, Okla., formerly owned by James W. Shaha, which matures on the 1st proximo and which we note you expect to take up at that time. Our claim will be $3,000 principal, with one year's interest due April 1, 1916, $180, plus 6 per cent. interest from that date to the date of settlement, which should be made at the office of The United States Bond & Mortgage Company, Dallas, Tex., where the debt is payable. To the above should be added costs of exchange and any charge the United States Bond & Mortgage Company may make in the matter.

                "Yours truly, J. W. Hamer,
                    "Third Vice President."

Then follows this allegation:

"Plaintiff further states that on the 29th day of March, 1916, in compliance with the request of this defendant, he enclosed a draft for $3,180 which was the amount demanded by this defendant to settle and liquidate the said mortgage and indebtedness together with all interest and other demands, and sent the same to the United States Bond and Mortgage Company at Dallas, Tex., and at the same time demanded of this defendant, in writing, that this defendant release the above and foregoing mortgage and demanded that this defendant forward to this plaintiff the abstract, notes, mortgage and release of said mortgage. That the said draft heretofore set out together with the demand for the release of the mortgage heretofore described was received by this defendant on the 1st day of April, 1916.

"Plaintiff further states that said defendant has failed, refused and neglected to forward to this plaintiff his said release of said mortgage, or to send to this plaintiff a release of satisfaction of said mortgage, and that more than ten days have expired since the demand upon this defendant was made by this plaintiff to forward to this plaintiff the release of the foregoing mortgage, and that thirteen days have expired since the expiration of the ten full days after such written demand and notice was received by this defendant to forward to this plaintiff the release or satisfaction of said mortgage.

"That by reason of said neglect and refusal to release and forward to this plaintiff the said release and satisfaction of said mortgage, this defendant has forfeited to this plaintiff one per cent. of the principal debt due upon the 1st day of April, 1916, for each and every day during said refusal and that by reason of said premises there is now due to this plaintiff the sum of $413.40. That the said defendant has failed, refused, and neglected to send or forward to this plaintiff said release for a period of thirteen (13) days, and that it has forfeited by reason of said refusal and neglect the sum of $31.80 for each and every day of said refusal."

These are the allegations upon which the plaintiff rests his right to recover. There is no other allegation contained in the amended petition tending to bring the case within the statute. There is no allegation that the notice or demand was "accompanied by the expenses of filing and recording such release," nor any allegation from which such payment may be inferred. Indeed, the

amended petition affirmatively shows that the exact amount due on the note and mortgage was received and credited the very day that it was due, as was intended by the plaintiff. The proof conformed strictly with the allegations of the amended petition. The court, in his findings of fact made upon request, says:

"The court finds that proper tender was made and that the release was in fact made upon the payment of the amount demanded."

There is no evidence even tending to sustain such finding. The proof shows that the draft for $3,180, the exact amount due the day it was paid, was all the money sent to the plaintiff or its agent and all that was ever intended to be sent. Both the pleadings and proof show that the plaintiff rests his right to recover upon the payment of the exact amount due, the day it was due, and the failure of the defendant to comply with his written demand, as stated in the pleading—"that this defendant forward to this plaintiff the abstract, note, mortgage and release of said mortgage."

On cross-examination plaintiff was asked this question: "You did not send to the defendant, or to any person authorized to act for the defendant, any money to pay the expenses of the release of this mortgage, did you?" to which he answered: "No, sir." On re-direct this question was asked: "There was no demand of you for any amount of money to place upon record the release?" to which he answered, "No, sir; no demand was made for any money for releasing."

Counsel discuss at some length, and cite authorities, as to whether or not this statute is penal, remedial, or remedial and of a penal character, but it is not necessary to enter upon a discussion of that question, for, whether a strict or liberal construction is adopted, the result is the same in this case. Neither the pleading nor the proof brings this case within the clear meaning of the statute. To say that it is not necessary to plead and prove the payment or tender of the expenses of filing and recording the release is to say that the last clause of the statute is meaningless.

"* * * but such request must be in writing and describe the mortgage and premises with reasonable certainty and (must) be accompanied by the expenses of filing and recording such release."

The language is too clear to be misunderstood. This section does not abrogate the right of action for damages suffered by reason of the failure of the holder of the mortgage to execute a proper release upon payment of the amount due, but furnishes an additional right of action not dependent upon on actual detriment suffered. But that additional right of action is made dependent upon two things: (1) A request in writing to release the mortgage, and (2) payment of the expenses of filing and recording such release. It is not claimed that the plaintiff either paid or tendered the expenses of filing and recording the release.

The demurrer to the evidence was properly sustained, and the judgment should be affirmed.

By the Court: It is so ordered.