MARY E. GAVIN V. C. T. REED.

FILED FEBRUARY 9, 1905. No. 13,571.

Judgment: VACATION. Before a plaintiff is entitled to have a judgment against him and an order overruling his motion for a new trial vacated at a succeeding term for irregularity, it must be adjudged by the court that he has a cause of action which is *prima facie* valid.

ERROR to the district court for Douglas county: JACOB FAWCETT, JUDGE. *Affirmed.*

*A. N. Ferguson,* for plaintiff in error.

*Ed P. Smith* and *J. B. Sheean, contra.*

LETTON, C.

This is a proceeding brought to review the action of the district court for Douglas county in refusing to vacate a judgment, and to set aside an order refusing a new trial in the cause. The case was tried to a jury, verdict rendered against plaintiff in error, and a motion for new trial filed. No notice was given plaintiff in error of the time the motion for new trial would be heard, as is required by the rules of the district court for Douglas county, rule 8 of which requires a notice to be given by the opposite party if a party has filed a motion which he desires taken up; but on June 17, 1902, Judge Fawcett, before whom the cause

was tried in the district court, of his own motion, caused a notice to be published in the Daily Record, a newspaper which purports to give an account of the proceedings in the several courts in that city, as follows: "Notice. Judge Fawcett will hear motions for new trial on Thursday morning in the following cases. 75-172. *Gavin v. Reed.*"

Pursuant to this notice the motion for new trial was taken up, overruled and judgment entered. It appears from the evidence that neither the plaintiff nor her counsel had any notice of any kind of the hearing upon the motion for a new trial, nor had either of them known of the publication in the Daily Record until long after the forty days allowed for the preparation of a bill of exceptions had elapsed; that counsel relied upon the provision of rule 8, knowing that if defendant desired to call up the motion for a new trial for hearing he could serve notice of the same under the rule.

Section 602 of the code provides: "A district court shall have power to vacate or modify its own judgments or orders, after the term at which such judgment or order was made. * * * Third. For mistake, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order."

Plaintiff's motion to vacate the judgment and order is based upon "irregularity by reason of no notice being served as by law provided." As we understand, the plaintiff's contention is that the order overruling the motion for a new trial was rendered before the motion regularly stood for hearing.

Section 606 provides: "A judgment shall not be vacated on motion or petition, until it is adjudged · * * * if the plaintiff seeks its vacation, that there is a valid cause of action." This requires the court to adjudge that the cause of action is *prima facie* valid before it would be authorized to take any action upon the motion. *Gilbert v. Marrow,* 54 Neb. 77.

Since the finding and order of the court assigned as erroneous is general in its terms, we are unable to say

whether the motions were overruled because the court found that the plaintiff had not a valid cause of action, or whether it was because the court found that the proceedings were not brought in time. The court had in the main action already adjudged that the plaintiff had not a valid cause of action when it directed the jury to return a verdict against the plaintiff, and there is no additional evidence in the record. It will be presumed that the court considered all the grounds set forth in the motion for new trial and that nothing was brought to its attention therein which caused it to change its views. This court said in *Cochran v. Philadelphia Mortgage & Trust Co.*, 70 Neb. 100:

"The purpose of a motion for a new trial, is to give the trial court an opportunity to review its own proceedings and to correct its own errors. If the trial court, which has heard the evidence, chooses to rule on the motion without the presence of the applicant, or the assistance that may be rendered in argument of the motion, it would seem that complete justice could be done by presenting the cause on error to this court, where error in the ruling on the motion may be corrected. It would seem to be a vain thing to reverse a judgment, because of a ruling, otherwise right, merely on the ground that the trial court failed to give an opportunity for argument."

There is nothing here to show that the original action of the trial court was erroneous and that the plaintiff had a valid cause of action, since no bill of exceptions of the evidence at the trial is before us.

The motion to set aside the ruling on the motion for a new trial included also a motion to vacate and set aside the judgment. Unless a motion can be granted as it is made, it is properly overruled. This motion therefore asked for relief that the party was not entitled to and was properly overruled.

For these reasons the judgment of the district court should be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.