## HOLT v. SPICER.

No. 7914—Opinion Filed June 6, 1917.

Rehearing Denied Nov. 16, 1917.

(166 Pac. 149.)

**1. Judgment—Vacation—Conditions.**

It is a condition precedent to the vacation, on motion or petition, of a judgment, because irregularly rendered, that it be adjudged that there is a valid defense to the action, or that there is a valid cause of action.

**2. Appeal and Error—Questions Presented for Review.**

It having been determined by this court on a direct appeal from a judgment for defendant that plaintiff has no valid cause of action, this court is precluded from examining alleged irregularities in the rendition of judgment upon an appeal from an order overruling a motion to vacate said judgment because irregularly obtained.

(Syllabus by Rummons, C.)

Error from District Court, Mayes County; Preston S. Davis, Judge.

Action by F. C. Holt against Elijah F. Spicer. Judgment for defendant, and plaintiff brings error. Affirmed.

Geo. S. Ramsey, Edgar A. DeMeules, Malcolm E. Rosser, and Sol H. Kauffman, for plaintiff in error.

Neff & Neff and Fred S. Zick, for defendant in error.

Opinion by RUMMONS, C. This is an appeal by the plaintiff below from an order of the district court of Mayes county, overruling his motion to vacate a judgment of said court in favor of the defendant below because of irregularity in obtaining said

judgment. Pending this appeal, plaintiff appealed from an order of said district court overruling his motion for a new trial of said cause. This proceeding in error, No. 7710 in this court, was determined adversely to the plaintiff; the judgment of the trial court being affirmed. Holt v. Spicer, 65 Okla. 17, 162 Pac. 686. In this case, this court held that the tax deed upon which plaintiff based his cause of action in the court below was void upon its face, and that plaintiff was not entitled to recover.

By this opinion we are foreclosed the consideration of any of the irregularities in the rendition of the judgment below complained of by the plaintiff. Section 5271, Rev. Laws 1910, is as follows:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, al liens and securities obtained under it shall be preserved to the modified judgment."

See Ames v. Brinsden, 25 Kan. 746.

It having been determined by this court that the plaintiff has no valid cause of action, he is not entitled to a vacation of the judgment rendered against him, even though it was obtained irregularly.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.

THACKER, J., does not think that the opinion in this case is a full and complete answer to the proposition for which the plaintiff in error contends, although right in the conclusion reached, and therefore limits his concurrence in the approval of the Commissioner's opinion to such conclusion.