# GEO. O. RICHARDSON MACHINERY CO. v. SCOTT, Adm'x.

No. 14004—Opinion Filed Nov. 9, 1926.

Rehearing Denied Dec. 21, 1926.

(Syllabus.)

1. **Constitutional Law—Due Process and Equal Protection of Law—Statutory Service of Process on Secretary of State in Suit Against Foreign Corporation.**

Section 5442, Compiled Oklahoma Statutes, 1921. which authorizes service of process on the Secretary of State in cases wherein a foreign corporation, which has no officer in this state and has not designated a person

upon whom such service may be had, is defendant, does not violate the provisions of the state or federal Constitutions guaranteeing to such foreign corporation due process of law and the equal protection of the law.

**2. Judgment—Vacation of Default Judgment —Requisite Showing of "Unavoidable Casualty or Misfortune."**

When a defendant seeks to vacate a default judgment rendered against him by reason of "unavoidable casualty or misfortune" under the 7th subdivision of section 810, Compiled Oklahoma Statutes, 1921, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches.

**3. Same—Failure of Secretary of State to Notify Foreign Corporation of Service of Process not "Unavoidable Casualty or Misfortune."**

The failure of the Secretary of State to notify a foreign corporation of the service of process on him as authorized by section 5442, Compiled Oklahoma Statutes, 1921, does not constitute such "unavoidable casualty or misfortune" as to warrant the vacation of a default judgment against such corporation under the 7th subdivision of section 810, Compiled Oklahoma Statutes, 1921.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action wherein John A. Scott obtained a judgment by default against Geo. O. Richardson Machinery Company. From an order denying defendant's petition to vacate said judgment, the defendant appeals. Affirmed.

Linebaugh & Pinson, for plaintiff in error.

Everest, Vaught & Brewer and Chas. L. Moore, for defendant in error.

MASON, J. This action was commenced by John A. Scott, as plaintiff, against the Geo. O. Richardson Machinery Company, a foreign corporation doing business in this state, and which had no officer in this state and had not designated an agent in this state upon whom service of process might be made. Summons was served upon the Secretary of State as authorized in such cases by section 5442, Compiled Oklahoma Statutes, 1921. The defendant made default in appearance and a personal judgment was rendered for plaintiff and against the defendant on October 23, 1920. After the rendition of said judgment, the plaintiff, John A. Scott, died, and the case has been revived in the name of Mrs. Annie Scott, administratrix of the estate of John A. Scott, deceased.

Thereafter, on July 14, 1921, the defendant filed its special appearance and motion to quash service of summons, and, upon defendant's application, the case was then removed to the district court of the United States for the Western district of Oklahoma. Said court took evidence upon and determined the issues of fact and of law raised by the special appearance and expressly found that the judgment debtor was a foreign corporation doing an intrastate business in Oklahoma at the time of the institution of the suit; that it had made no appointment of an agent upon whom process might be served; that the state statute (section 5442, allowing service on the Secretary of State) applied to the judgment debtor and was constitutional and valid. Said court remanded the case to the state court, after which the district court of Oklahoma county retried the issues raised by the special appearance and found that the judgment debtor had been legally and regularly served and refused to vacate the judgment.

Thereafter, on June 1, 1922, the defendant, in effect, entered its general appearance by filing its petition to vacate said judgment under the provisions of section 810, Compiled Oklahoma Statutes, 1921, and attached thereto its answer and cross-petition. The plaintiff waived the issuance and service of summons as provided for in such proceedings by section 812, Compiled Oklahoma Statutes, 1921, and filed a demurrer to said petition, which was subsequently sustained by the trial court, and defendant's petition to vacate was dismissed, from which action the defendant has duly perfected its appeal to this court.

For reversal, it is first urged that the trial court had no jurisdiction to render the original judgment in said case for the reason that section 5442, supra, under which service of summons was had on the Secretary of State, is in violation of section 7, art. 2, of the Constitution of Oklahoma, and the 14th amendment to the Constitution of the United States.

Counsel advance many arguments as to why said section should be held unconstitutional, but we are bound by the opinion in Title Guaranty & Surety Co. v. Slinker, 42 Okla. 811, 143 Pac. 41, wherein this court held that said section does not violate the provisions of the state or federal Constitutions guaranteeing to such foreign corporation due process of law, and does not deny it the equal protection of the law.

It is next urged that the petition to vacate the judgment is in proper form and states facts which entitle defendant to have said judgment vacated, and that the trial

court erred in sustaining the demurrer thereto.

The petition to vacate was based on the 7th subdivision of section 810, Compiled Oklahoma Statutes, 1921, which provides:

"The district court shall have power to vacate or modify its own judgments or orders. at or after the term at which such judgment or order was made: * * *

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

Did the failure of the Secretary of State to notify the defendant company as to the service of said summons on him constitute such "unavoidable casualty or misfortune" as to entitle the defendant to have the default judgment vacated? Section 5442, Compiled Oklahoma Statutes, 1921, which authorizes such service on the Secretary of State, provides:

"Any foreign corporation, doing business in the state of Oklahoma, having failed either to appoint an agent upon whom service of summons or other process may be had, or failed to file in the office of the Secretary of State a duly authenticated copy of its articles of incorporation or charter, or having failed to pay the license fee as required by law, then in the event of said foreign corporation having failed to comply with any of the provisions of the law as above referred to, any person now or hereafter having any cause of action against any foreign corporation may file suit against said foreign corporation in any county in the state and service of summons or any process upon the Secretary of State shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject-matter."

Said section nowhere requires the Secretary of State to notify the defendant in such proceedings. Plaintiff in error insists that it is the implied duty of the Secretary of State so to do, and where judgment is rendered against such foreign corporation without notice of such proceeding, the failure of the Secretary of State to notify the defendant constitutes "unavoidable casualty and misfortune" within the 7th subdivision of section 810, supra. We cannot read such a provision into the statute, and it is obvious that to do so would practically nullify said statute and greatly hamper and, in many instances, prevent many citizens of this state from obtaining redress and protection from foreign corporations doing an intrastate business in this state, as the Secretary of State would seldom know the address or location of such foreign corporations. A corporation incorporated in one state subjects itself to the jurisdiction of every other state wherein it transacts a general intrastate business, and if it fails to comply with the laws of such other state, it is subject to all the regulations and penalties imposed thereby for such noncompliance. The defendant company, under the law, was accorded the right and privilege to select such a person as it might see fit, on whom legal process for it might be served, so as to insure knowledge to it of all suits which might be filed against said company in this state. Having failed to avail itself of this right and privilege, it thereby assented to the agent constituted by the statutes, and this assent was made operative by its voluntarily invading the state and entering upon the transaction of its general corporate business. The Secretary of State, therefore, was as much the agent of the defendant company for the service of process in this case as was the president or other officer of such company.

In Olentine et al. v. Alberty, 82 Okla. 9, 198 Pac. 296, it was held that when "unavoidable casualty or misfortune" is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches.

The defendant company could easily have protected itself against such judgment having been rendered without actual notice to it by complying with the laws of this state relative to nonresident corporations doing business within the state. It failed, neglected, or refused to do this, and this court, under the law announced under Olentine et al. v. Alberty, supra, cannot relieve it from the consequence of its own neglect.

The judgment of the trial court is affirmed.

BRANSON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY. JJ., concur.

Note.—See under (1) 14a C. J. pp. 1405, 1405 (Anno), §4128. (2) 34 C. J. p. 314, §534; p. 328, §548. (3) 14a C. J. p. 1423, §4155.