## OKLAHOMA RAILWAY CO. v. HOLT.

No. 20874. Opinion Filed Jan. 3, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, and John H. Vossbrink, for plaintiff in error.

Moss & Powell, for defendant in error.

SWINDALL, J. The record shows that on April 26, 1927, E. B. Holt, a minor, by Osie Holt, his mother and next friend, as plaintiff, commenced an action against the Oklahoma Railway Company and Geo. A. Henshaw and C. T. Lackey, receivers of the Oklahoma Railway Company, defendants, to recover damages in the sum of $1,000 for personal injuries which it is alleged that E. B. Holt, a minor aged 19, sustained on April 22, 1927, as a result of a collision between an automobile which he was driving near Harrison avenue in Oklahoma City, on Fifth

street, and a street car which was at said time being operated by the Oklahoma Railway Company in a careless and negligent manner, setting out in her petition the alleged acts of negligence which plaintiff claimed was the direct and proximate cause of the injury to E. B. Holt. A trial by jury was waived and a trial to the court upon the issues thus joined was had and judgment entered in favor of the plaintiff for the amount prayed. The petition and answer appear to have been filed and judgment entered on the same day. The receivers also took a release from E. B. Holt in full satisfaction of his claim for damages in the sum of $1,000, being the amount of the judgment. On October 27, 1928, E. B. Holt, having arrived at the age of majority, filed in the district court of Oklahoma county an action by petition to vacate the judgment entered on April 28, 1927. At that time, the receivers having been discharged, the Oklahoma Railway Company filed its answer denying the allegations of the petition to vacate and upon a hearing before the same trial judge who had entered the judgment, testimony was offered for the purpose of showing irregularity in the obtaining of said original judgment and also for the purpose of showing that the judgment was obtained by fraud practiced upon the plaintiff and upon the court. After hearing the testimony the court found:

"The only question is as to whether this judgment in this case was given improperly, unadvisedly and without proper and full consideration upon the part of the court. As far as the proceedings that were presented to the court, there was no actual fraud perpetrated in securing the judgment of the court, but the facts were not fully presented to the court at the time the judgment was secured, and if they had been, the judgment of the court might have been different or he might have determined the case should be presented to a jury.

"Looking at it from that standpoint, it would be the judgment of the court that the judgment entered on April 26, 1927, be set aside."

Exceptions were taken to the findings of the trial court and a motion for a new trial, and on May 9, 1929, the journal entry of judgment was entered upon the journal of said district court, stating that:

"It is therefore ordered, adjudged, and decreed by the court that the judgment entered by this court on April 26, 1927, in cause No. 52517, Osie Holt, as Next Friend for E. B. Holt, a Minor, Plaintiff, v. George A. Henshaw and O. T. Lackey, Receivers of the Oklahoma Railway Company, a Corporation, Defendants, be and the same is hereby vacated, set aside and held for naught, for the reasons stated in the judgment and order made at the conclusion of the trial of this case on the 3rd day of April, 1929, to which order and judgment of the court the defendant excepts."

Thereupon a motion for new trial was presented and overruled, notice of appeal given, and the case brought to this court for review.

It is the contention of the plaintiff in error that the judgment is erroneous, in that the trial court never adjudged that plaintiff had a valid cause of action against the defendant. The sections of our Code involved are 810, 813, and 814, C. O. S. 1921 [O. S. 1931, secs. 556, 559-560]. Section 810 provides nine grounds upon any one of which the district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made. Section 813 provides that:

"The court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action."

Section 814 provides that:

"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment."

The quoted sections of our Code were adopted from Kansas into the Oklahoma Statutes of 1890 and 1893, and brought forward and adopted in the Revised Laws of Oklahoma of 1910 by different numbers. These sections seem to have been adopted by Kansas from Ohio. In the case of Worthington Meixell v. S. S. Kirkpatrick, 25 Kan. 13, opinion filed January, 1881, Mr. Justice Valentine, in delivering the opinion of the court, says:

"The provisions of the statutes of Ohio for * * * vacating and modifying judgments and orders in the courts in which they were rendered, are precisely the same as the provisions for the same purpose are in this state. Sections 534, 535, 537, and 538 of the Ohio Code correspond exactly to sections 568, 569, 570, 571, and 572 of our Code. And in Ohio said provisions have been construed by the Supreme Court of that state.

Frazier v. Williams, 24 Ohio St. 625; Watson v. Paine, 25 Ohio St. 340."

The Supreme Court of Kansas followed the construction placed on said sections by the Supreme Court of Ohio. The sections of the Kansas Code are exactly the same as the sections of our Code. Hence, we find this question first construed and passed upon by the Supreme Court of Ohio in 1874. In the Watson v. Paine Case the Supreme Court of Ohio, in an opinion delivered by Chief Justice McIlvaine, says:

"When a proceeding by petition or by motion to vacate or modify a judgment is instituted under section 535 or 536, the first thing to be done by the court is to try and decide whether or not a 'ground' to vacate or modify exists. Sec. 537. 'The grounds' referred to in this section are those enumerated in the nine subdivisions of section 534. In some cases, the question thus to be tried and decided, can be determined by inspection of the record; in others the testimony of witnesses must be heard. But in all cases, this question must be tried and decided by the judge or judges.

"When the existence of ground to vacate or modify is thus decided, the case is not yet ready for a final judgment of vacation or modification. Before such judgment can be entered, if the petition or motion be filed by the defendant in the original action, it must be adjudged that there is a valid defense to the action. Sec. 538. In order that the validity of the defense may be adjudged, an issue or issues should be made up by proper pleadings. If the proceeding to vacate or modify be by motion, the defendant should be required to file his answer to the original petition, with leave to the plaintiff to reply. If the proceeding be by petition, in which the matters of defense are set forth in issuable form, it would be sufficient, no doubt, to take issue thereon by reply or demurrer. When the issue is thus made up, it should be tried as in other cases. Frazier v. Williams, 24 Ohio St. 625. After such trial, and not before, the court is authorized to render a final judgment or order of vacation or modification of the original judgment."

The second and third paragraphs of the syllabus by the court in that case are as follows:

"2. After the existence of one or more of the causes enumerated in section 534. as grounds to vacate or modify a judgment. has been found by the court, an issue or issues as to the validity of the alleged defense should be made up by proper pleadings, and tried as in other cases.

"3. When the alleged defense has been thus adjudged to be valid. and not before, the court is authorized to make a final order of vacation or modification of the original judgment."

So, in the case at bar it appears that the trial court entered an order of vacation of the original judgment after it had determined from the evidence that the judgment was irregularly entered. This the trial court did not have authority to do for the reason that two steps must be taken before the trial court is authorized to vacate the original judgment and the trial court had only taken one.

The authorities seem to be uniform in holding that after the trial court had determined that one or more of the nine grounds upon which the trial court was authorized to vacate or modify a judgment existed, the trial court must then before entering an order or judgment of vacation or modification adjudge whether or not a valid cause of action exists in favor of the plaintiff if the plaintiff seeks to vacate the judgment, or a defense exists in favor of the defendant in case the defendant seeks to vacate or modify the judgment, and in the case at bar it was the duty of the trial court to hear testimony and determine the issue as to whether or not there existed in favor of plaintiff and against defendant a valid cause of action, and if it was found that a valid cause of action did exist, then and not until then vacate or modify the original judgment. In Holt v. Spicer, 67 Okla. 60, 166 P. 149, in the first syllabus paragraph this court held that:

"It is a condition precedent to the vacation, on motion or petition, of a judgment, because irregularly rendered, that it be adjudged that there is a valid defense to the action, or that there is a valid cause of action."

In Myers v. Chamness, 102 Okla. 131, 228 P. 988, the 7th paragraph of the syllabus reads as follows:

"By the provisions of section 814, Comp. Stat. 1921, the court is prohibited from vacating a judgment under the 4th subdivision of section 810, Comp. Stat. 1921, until it is adjudged that there is a valid defense to the action on which the judgment was rendered."

In Re Bruner's Estate, Stevens et al. v. Bruner et al., 125 Okla. 101, 256 P. 722, this court in the 1st syllabus paragraph held that:

"It is a condition precedent to the vacation, on motion or petition, of a judgment, because irregularly rendered, that it be adjudged that there is a valid defense to the

action, or that there is a valid cause of action."

And in the body of the opinion Mr. Justice Riley, in delivering the opinion of the court, says:

"This court has uniformly held that a valid defense or cause of action is a condition precedent to the vacation of a judgment upon any ground, except the lack of jurisdiction. Provins v. Lovi, 6 Okla. 94, 50 P. 81; Thompson v. Caddo County Bank, 15 Okla. 615, 82 P. 927; Atchison, T. & S. F. R. Co. v. Schultz, 24 Okla. 365, 103 P. 756; Leforce v. Haymes, 25 Okla. 190, 105 P. 644; Hollister v. Kory, 47 Okla. 568, 149 P. 1136; Harn v. Amazon Fire Ins. Co., 66 Okla. 99, 167 P. 473; Holt v. Spicer, 67 Okla. 60, 166 P. 149; First State Bank v. Carr, 72 Okla. 262, 180 P. 856."

To the same effect is Gavin v. Heath, 125 Okla. 118, 256 P. 745.

Section 602 of the Code of Civil Procedure of Nebraska provides:

"A district court shall have power to vacate or modify its own judgments or orders, after the term at which such judgments or orders were made. * * * Third, For mistake, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order."

Section 606 of the same Code provides:

"A judgment shall not be vacated on motion or petition, until it is adjudged, * * * if the plaintiff seeks its vacation, that there is a valid cause of action."

In construing these sections of the Nebraska Code the Supreme Court of that state in Gilbert v. Marrow, 74 N. W. 420, held that:

"A party who seeks the vacation of a judgment after the term at which it was rendered must allege and prove that he has a valid cause of action or defense, and, to entitle him to relief, the court must adjudge that such cause of action or defense is prima facie valid."

The same rule is announced by the Supreme Court of Nebraska in Gavin v. Reed, 102 N. W. 455, and in the body of the opinion, after quoting portions of sections 602 and 606 of the Code, the court says:

"This requires the court to adjudge that the cause of action is prima facie valid before it would be authorized to take any action upon the motion."

Other decisions might be cited announcing the rule of law as stated in the foregoing cases. It seems to have been the settled law since 1874 in states having the same Code provisions, and this state since the adoption of the Code by the Legislature of the Territory of Oklahoma, including the last expression of this court.

The sections of our Code relative to vacating or modifying judgments are unambiguous. They provide in clear language that if the plaintiff seeks the vacation of the judgment, he must establish one or more of the statutory grounds for vacating or modifying the judgment, and then have it adjudged that there is existing in his favor a valid cause of action. It would be useless and expensive to take the time of the court to show that a judgment was irregularly entered in favor of a plaintiff in the sum of $1,000 and vacate the same on the ground that it was irregularly entered, and then enter a regular judgment for the same amount. Likewise, if a judgment is irregularly entered in favor of plaintiff and against a defendant, it would be useless to vacate or modify the same until it is shown the defendant has a valid defense to plaintiff's cause of action. So, the Legislature wisely provided that when the plaintiff seeks to vacate he must prove one or more of the statutory grounds for vacating the judgment and then prove he has an existing valid cause of action. Any other construction does violence to the provisions of the Code and the former decisions of the court.

The plaintiff in this case seeks the vacation of the judgment and the burden is upon the plaintiff to prove, first, one or more of the statutory grounds for vacation or modification of the judgment, and when he has done this, he must offer proof and have the court adjudge that he has a valid cause of action against the defendant for a sum in excess of the amount for which he claimed judgment in his original petition filed by his mother and next friend, upon which petition judgment was rendered and the judgment was paid. Until he has done this he has failed to comply with the plain letter of the statute. The fact that plaintiff brought an action by his mother and next friend and recovered a judgment for the full amount claimed, does not tend to establish the fact that he has a valid cause of action in excess of that amount.

On September 19, 1932, there was filed in this cause in this court a motion to which is attached a stipulation showing that the original cause in the district court has been dismissed with prejudice by a formal order of said district court entered pursuant to a formal motion to dismiss filed in that court by the defendant in error in this cause, and

requesting this court to dismiss this appeal with prejudice.

For the reasons herein stated, this cause is reversed and remanded to the district court of Oklahoma county to dismiss the action with prejudice in the event same has been settled by the parties as stated in the motion and copy of stipulation filed in this court; otherwise, proceed consistently with the views herein expressed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., absent.