## CROSBIE et al. v. ABSHER.

No. 22913.   Feb. 26, 1935.

Rehearing Denied Oct. 8, 1935.

As Modified Upon Denial of Rehearing Nov. 19, 1935.

C. A. Steele and W. A. Daugherty, for plaintiffs in error.

Pryor & Wallace, for defendant in error.

BAYLESS, J. This action was commenced in the district court of Seminole county, by John R. Absher, plaintiff, against J. E. Crosbie, John D. Freeman, G. S. Davis, and J. W. Sloan, defendants, to quiet title to certain lands and for damages. The parties will be referred to hereinafter as they appeared in the lower court.

The petition alleges that Absher is the owner of 20 acres of land in Seminole county; that on the 27th day of April, 1923, he, joined by his wife, executed to the defendant John D. Freeman an oil and gas lease covering the land hereinabove referred to; and it was specifically agreed in said lease that an annual rental was to be paid to the plaintiff on or before the 27th day of April of each year, unless a well was drilled upon said premises; that no well was drilled upon said premises as provided by said lease; and the rentals became due and payable on the 27th day of April, 1926; and the said defendant failed to pay said rentals as provided in said lease. Plaintiff further states that on the 27th day of April, 1923, the said John D. Freeman assigned certain interests in said lease to G. S. Davis, J. E. Crosbie, and J. W. Sloan, which said assignments were duly recorded. Plaintiff further states that all of said defendants have failed, neglected, and refused to pay said rentals, or to complete a well upon said premises, as provided by said lease, by reason of which the said lease was forfeited; that due demand has been made of the said defendants for a release of said oil and gas lease, and the defendants have failed, neglected, and refused to release said oil and gas lease. Plaintiff further states that after the forfeiture of said lease he sold a lease upon said premises to C. E. Aldridge for $2,000; and that said C. E. Aldridge was able, ready, and willing to pay for said lease; but that by reason of the lease herein described, to John D. Freeman and assigned to other defendants, being of record and not released, the title to said land was clouded; and that the said C. E. Aldridge refused to accept said lease on account of the failure of the said defendants to release the oil and gas lease executed to the said John D. Freeman; and that as a result of defendants' failure to release the said oil and gas lease, the plaintiff has been damaged in the sum of $2,500.

To this petition all of the defendants except Crosbie filed their answers on November 27, 1926, which answers were in the nature of a general denial.

On May 25, 1927, a default judgment was rendered in favor of plaintiff and against the defendants in the sum of $2,000, together with interest and attorneys' fees.

On July 3, 1927, the defendants filed their joint petition to vacate said default judgment on the ground of unavoidable casualty or misfortune and alleging that the petition upon which default judgment was entered does not state facts sufficient to constitute a cause of action in favor of plaintiff and against said defendants, and said judgment was therefore void.

The court, after having heard all of the evidence introduced, denied the petition to vacate the judgment. From this order the defendants bring this appeal.

For reversal, the defendants contend, first:

"The petition on its face shows that the plaintiff is not entitled to any judgment for damages against the defendants, because the petition was filed May 17, 1926, and pleads that 'the rentals became due and payable on the 27th day of April, 1926, and the said defendants failed to deposit said rentals as provided in said lease,' and further pleads that the lease was worthless when the petition was filed.

"Under section 9455, C. O. S. 1921 (10935, O. S. 1931), the lessee, or his assigns, has 60 days after forfeiture within which to release the forfeited lease from record, and this period had not expired before the petition was filed, at which time the lease was worthless, all of which appeared on the face of plaintiff's petition."

The defendants cite in support of this contention the case of Steven v. Potlatch Oil & Ref. Co., 80 Mont. 239, 260 P. 119, which was a suit based upon a penal statute of the state of Montana, somewhat similar to section 9455, C. O. S. 1921 (10935, O. S. 1931). The court held in Steven v. Potlatch Oil & Ref. Co., supra, that inasmuch as the defendants, after the forfeiture, are given 60 days by the terms of the statute in which to record their release, no cause of action accrues under the penal statute until the expiration of the 60 days after forfeiture. The plaintiff in the case at bar is not basing his right to recover upon the provisions of section 9455, C. O. S. 1921 (10935, O. S. 1931), which makes it a misdemeanor for failure to release after notice, but is seeking damages therefor under section 9956, O. S. 1931:

"Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages."

We hold that the penal proceeding provided by section 9455, C. O. S. 1921 (10935, O. S. 1931), is an additional or cumulative remedy in favor of the lessor to the already existing civil cause of action for damages. We are of the opinion that the statute is penal in its whole aspect and was not intended as a standard of measurement of conduct with relation to civil proceedings except in so far as the refusal to perform the duty was made unlawful. For these reasons, we do not think Steven v. Potlatch Oil & Ref. Co. is applicable to the facts in this case.

We think the rule announced in Dixon v. McCann, 87 Okla. 109, 206 P. 597, which was a suit for damages for failure to release a gas and oil lease, is controlling in this case. In Dixon v. McCann, supra, it is said:

"Our statute was passed to * * * prevent a lessee who has recorded an oil and gas lease, and although it has expired, been abandoned, or is subject to forfeiture, still, if not released is a cloud upon the landlord's title, from using this as a weapon to extort from the landowner money, and use this cloud on his title as an instrument to prevent the landowner from executing a new lease. The peculiar condition surrounding the oil business is such that a lease today may be worth thousands of dollars, while in 30 days it may be almost worthless. The failure to release would permit the holder of a forfeited lease or one that has expired to demand of the landowner pay for doing what is his duty to do, and upon failure of the landowner to pay, he could prevent the landowner from leasing to anyone else. While the landowner may sue to quiet his title, the lease when the title is quieted may have no value."

Certainly when the defendants' interest in the lease terminated, as admitted by them, and if the defendants thereafter failed or refused to release after demand said oil and gas lease, such failure and refusal was unlawful, and if it resulted in actual damage to the plaintiff, a cause of action for such damages accrued in favor of the plaintiff independently of the penal statute heretofore referred to.

Defendants contend, second:

"The docket showing that this case was set for trial on May 25, 1927, was mailed by the court clerk of Seminole county to counsel for the defendants, but was lost in the mail, and did not reach counsel, but for which the default judgment would not have been rendered."

Defendants' petition to set aside the judgment was based upon subdivision 7 of section 556, O. S. 1931, which provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made * * * for unavoidable casualty or misfortune, preventing the party from prosecuting or defending. * * *"

Without passing on the question of unavoidable casualty or misfortune, the case must be decided on another question. Section 558, O. S. 1931, provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivision * * * seven of the second preceding section, shall be by petition, verified by affidavit, setting forth the judment or order, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. * * *"

Under the sections of our statute governing the power of district courts to vacate or modify their orders and the procedure therefor, the showing of unavoidable casualty or misfortune is not enough. By the provisions of section 560, O. S. 1931, the showing of a valid defense to the cause of action upon which the judgment was rendered is a condition precedent to the vacation of the judgment. See McKee v. Inter-state Oil & Gas Co., 77 Okla. 260, 188 P. 109; and Holt v. Spicer, 67 Okla. 60, 166 P. 149.

Three of the defendants first filed answers which were in the nature of general denials and were on file at the time the default judgment was rendered. At that time the defendant Crosby was in default of an answer, alleged to have been due to an oversight in that his attorneys were not advised of the action of the trial court in disposing of a motion which he had filed. However, all of these defendants joined in the petition to vacate and attached to the petition an amended answer which they proposed to file and stand upon in the retrial of the matter.

This proposed amended answer contains certain legal defenses, such as, first, the parties were under no legal obligation to release the lease, after demand, although they ad-

mitted they no longer claimed any interest therein; and second, that the enactment of section 9455, C. O. S. 1921 (10935, O. S. 1931), limited the plaintiff to the relief provided therein. Both of these defenses are disposed of by what we have said hereinbefore, and the trial court correctly adjudged that they presented no valid defense. The balance of the amended answer can best be described as a general denial only. We have held in Givens et al. v. Anderson, 119 Okla. 212, 249 P. 339:

"A general denial contained in a proffered answer attached as an exhibit to a motion to set aside a default judgment is not sufficient to warrant a vacation of the judgment."

We think this rule is applicable to an answer in the nature of a general denial filed in an action of this kind. In addition to this, the defendants introduced no evidence of any kind tending to enlighten the trial court as to what they meant by their general denial or what proof they intended to use to show that the plaintiff had not suffered any damage. The purpose of section 560, O. S. 1931, in requiring the defendant to set up his defense in support of a petition to vacate a judgment is that the court may be able to determine whether or not the defendant has a meritorious defense to the action, for what would be the advantage in setting aside a judgment unless the defendant had a defense to the action? See Oklahoma Ry. Co. v. Holt, 61 Okla. 165, 17 P. (2d) 955.

We are of the opinion that the trial court was correct in refusing to vacate the judgment upon the showing made by this record.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur. OSBORN, V. C. J., and WELCH, J., dissent. GIBSON, J., absent.