FRENN et al. v. NABOURS.

No. 26569. Sept. 22, 1936.

Rehearing Denied Nov. 24, 1936.

A. L. Emery, for plaintiffs in error.

Steele & Boatman and J. F. Colson, for defendants in error.

CORN, J. This action was commenced in the district court of Okmulgee county by W. H. Nabours, as plaintiff, against the defendants, Adele Frenn, Frank Frenn, and his wife, Ida Frenn, for the foreclosure of a mortgage on a residence property belonging to Frank Frenn and wife, but the legal title of which was in their daughter, Adele Frenn. The parties will be referred to herein as they appeared in the trial court.

Originally the mortgage on this property was $4,000. The record discloses that Frank Frenn and his wife conveyed the legal title to this property to one Daniel V. Sullivan of Okmulgee for the purpose of obtaining the loan for Frenn's benefit. Frenn had twice gone into bankruptcy and at this time had not been discharged as a bankrupt from the second proceeding, but nevertheless desired new capital with which to again set himself up in business, and, finding it expedient to use Sullivan's name rather than his own, transferred the property to Sullivan and obtained the loan in his name. During all this time the Frenns occupied the property as their home. The loan was obtained through a local loan agency from the Braniff Investment Company of Oklahoma City. Later on Sullivan desired to be released from his obligation on the $4,000 note, and to that end the interested parties agreed upon a plan whereby Sullivan was to transfer the title to the property to Adele Frenn,

an unmarried daughter of Frank and Ida Frenn, and the Frenns were to reduce the $4,000 debt to $2,750 by payment of the difference, and then Adele Frenn was to execute a new note and mortgage on the premises to the Braniff Investment Company in the sum of $2,750. This was all done and the deed from Sullivan to Adele Frenn and the mortgage of $2,750 from Adele Frenn to the Braniff Investment Company were filed for record and recorded in Okmulgee county. These transactions were also handled through the local loan agency at Okmulgee. However, the Braniff Investment Company was not willing to accept the new note and mortgage unless and until Frank Frenn and Ida Frenn, the equitable owners of the property, also executed the note and mortgage along with Adele Frenn. Considerable correspondence passed back and forth between the parties in regard to the amount necessary to close the transaction and several months' delay was occasioned thereby, and further delay was occasioned by the requirement of the signatures of Frank and Ida Frenn on the renewal papers. For some reason not disclosed by the record, this requirement was not promptly met. After a while, however, they did join in the transaction by executing the same note and mortgage which had previously been executed by Adele Frenn and recorded. This required a second recordation of the mortgage. In the meantime the $4,000 Sullivan mortgage was not released until after the renewal loan papers were completed and made acceptable to the Braniff Investment Company. Said mortgage had been assigned to the Provident Mortgage Company and by them to the Liberty National Bank of Oklahoma City.

The mortgagors defaulted in certain interest payments on the $2,750 mortgage, which was assigned to W. H. Nabours, the plaintiff herein, who instituted foreclosure proceedings which resulted in the litigation before us. The defendants filed a lengthy answer and cross-petition in which they sought to have brought in as additional parties necessary to a complete determination of the action the Braniff Investment Company, the Provident Mortgage Company, and the Liberty National Bank. At first an order was made bringing in these parties, but was later vacated and set aside by the court, from which order vacating and setting aside said order, the defendants appealed to this court. The matter was decided adversely to the defendants in an opinion handed down April 7, 1936, 177 Okla. 428, 60 P. (2d) 386.

In the aforesaid cross-petition the defendants alleged that the Braniff Investment Company, the Provident Mortgage Company, and the Liberty National Bank had maliciously conspired to slander the title to the property by neglecting and refusing to release the $4,000 Sullivan mortgage and one of the recordings of the $2,750 mortgage, and alleging that on account of said unreleased mortgages the defendants lost the sale of said property to two different prospective purchasers, and prayed judgment for damages against said parties. When said parties were dismissed as parties to said action, the defendants amended their cross-petition by alleging that the plaintiff, W. H. Nabours, took assignment to the mortgage with notice of their defense on account of their claim for damages as aforesaid, by reason of which said note and mortgage had been fully satisfied, and prayed that the same be cancelled and declared null and void. Said defendants by their cross-petition asked for damages as follows: The sum of $5,000 for slander of title per se, and the sum of $5,000 per quod; the sum of $3,600 statutory damages of 1 per cent. of the $4,000 mortgage per diem for failure to release same for a period of 90 days after notice to release had been given; and the sum of $12,210, representing the statutory penalty for failure to release one of the recordings of the $2,750 mortgage up to the time of the filing of the cross-petition, making a total of $27,210, and for a reasonable attorney fee to be fixed by the court and for costs.

With the issues joined by plaintiff's reply of general denial, and the parties waiving a jury trial, the cause was tried to the court, and at the conclusion of the evidence the plaintiff demurred to the evidence offered on behalf of the defendants in support of their answer and cross-petition on the ground that it failed to sustain a cause of action against the plaintiff. The execution of the note and mortgage was admitted by the defendants. The trial court sustained the demurrer and rendered judgment in favor of the plaintiff upon the note and for the foreclosure of the mortgage as prayed for in his petition. In sustaining the demurrer the court made the following finding of fact:

"The court is of the opinion that the debt has never been paid. The court is further of the opinion that no tender of filing fee has ever accompanied a request for a release. The court is of the opinion that no malice has been shown. The demurrer to the evidence is therefore sustained."

From said judgment of the court the defendants brought this appeal, and the defendants filed a petition for a rehearing of the other appeal growing out of this case as above referred to, being cause No. 25793, and moved that the two branches of the case be consolidated and considered together in the final determination of the case.

There is no occasion to discuss the various kinds of damages prayed for by the defendants in view of former decisions of this court in which we held that the measure of damages, as provided by section 7642, C. O. S. 1921 (sec. 11266, O. S. 1931), for failure to release a mortgage is exclusive. Damages, in addition to the damages thereby provided, cannot be recovered, nor can a recovery be had where the provisions of the statute have not been complied with. Pittsburg Mortgage Investment Co. v. Cates, 158 Okla. 238, 13 P. (2d) 156; Pittsburg Mortgage Investment Co. v. Cook, 150 Okla. 236, 1 P. (2d) 665; Bullington v. Lowe, 94 Okla. 234, 221 P. 502.

In the case of Mason v. Penn Mutual Life Ins. Co., 91 Okla. 223, 216 P. 666, this court held, as stated in the syllabus, as follows:

"In an action against the holder of a real estate mortgage to recover a forfeiture or penalty under section 4023, Rev. Laws 1910 (sec. 11266, O. S. 1931), for failure to release the mortgage of record upon payment of the amount due on the mortgage, it must be alleged in the petition, and proved upon the trial, that the expenses of filing and recording such release were paid or tendered to the holder of the mortgage."

We recognize that this rule apparently conflicts with the rule announced for actions involving damages for failure or refusal to release an oil and gas lease. See Dixon v. McCann, 87 Okla. 109, 206 P. 597, and Crosbie v. Absher, 174 Okla. 593, 51 P. (2d) 970, but a comparison of the statute applicable to mortgages (section 11266, O. S. 1931) and the statute relating to release of leases (section 10935, O. S. 1931) discloses that the first includes a measure of damages, which must be taken to mean that any other measure is superseded or excluded. In the last section mentioned, no attempt is made to fix the damages which might be sustained, but the penalty is prescribed for the crime denounced. Because of this the two lines of cases do not conflict.

The defendants neither alleged nor proved the payment of the filing and recording fees as required by the statute, and,

having failed to make strict compliance with the statute, cannot maintain an action under said statute.

The evidence does not show to our satisfaction that the prospective purchasers for the property were misled by the unreleased mortgages of record, as it was apparent that the $2,750 mortgage was a renewal of the unpaid balance of the $4,000 mortgage and that the renewal mortgage represented the entire mortgage indebtedness against the property.

The petition for rehearing in cause No. 25793 has been denied, and the judgment of the trial court in this case is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, and PHELPS, JJ., concur. BUSBY and WELCH, JJ., absent. GIBSON, J., not participating.