FEDERAL TAX CO. v. BOARD OF COM'RS OF OKMULGEE COUNTY.

No. 28879. March 5, 1940.

Rehearing Denied May 7, 1940.

102 P. 2d 148.

W. C. Alley, of Okmulgee, for plaintiffs in error.

George R. Inglish and B. F. Moak, of Okmulgee, and W. E. Foster, of Henryetta, for defendant in error.

HURST, J. In this case the board of county commissioners of Okmulgee county filed in the trial court a verified petition to set aside and vacate a judgment theretofore rendered against the county in certain consolidated cases brought by plaintiffs against the county for the recovery of money paid for certain tax sale certificates alleged to be void. After their motion to strike certain parts of the petition to vacate, and their motion to separately state and number the causes of action therein had been overruled, plaintiffs demurred to such petition on the ground that the trial court was without jurisdiction of the person or of the subject matter of the proceeding, and that the facts stated did not constitute grounds for the relief sought. The trial court overruled the demurrer, and plaintiffs elected to stand thereon and refused to plead further. Thereupon the trial court set aside the judgment, and plaintiffs ·appeal.

The petition to vacate sets out in detail the filing and consolidating of the actions, the substance of the pleadings therein, and avers that on September 17, 1936, the then county attorney of Okmulgee county, who represented the defendant, without notice to defendant, and without its knowledge and consent, appeared before the trial court with the attorney for plaintiffs, waived a jury, and proceeded to try said cause. A copy of the proceedings had at the trial is attached as an exhibit. It further alleged that the tax certificates sued on showed on their face that they had not been assigned to plaintiffs, that a considerable portion of them were for special assessments for which defendant was not liable, and that therefore the judgment was illegal and void on its face. It then alleged that the then county at-torney willfully and intentionally failed to confer with any of the various county officials prior to the trial, or to call any witnesses or make any defense, or to file a motion for a new trial or make any record for an appeal, and that defendant was not advised of the trial or judgment until after the expiration of the term at which the judgment was rendered; that on learning of the judgment, defendant passed a resolution directing the county attorney to take immediate steps to have the judgment set aside, but that he failed and refused to take any action whatever. That his conduct at the trial amounted to a confession of judgment against defendant.

The petition further alleges that the county attorney, without making inquiry as to the facts, entered into certain stipulations of fact with the attorney for plaintiffs which were false and contrary to the true facts, and that evidence of the real facts was available at the time of the trial, and if produced would have established the validity of the certificates sued on. It charges that both the attorney for plaintiffs and the then county attorney willfully and intentionally failed to advise the trial court of the real facts, and that such conduct on their part misled the court and resulted in the fraudulent procurement of the judgment. It is further alleged that the true facts concerning the tax sales on which plaintiffs' certificates were issued can and will be established on a hearing, and that such true facts constitute a complete defense to the action.

From the record of the proceedings had at the trial, it appears that the county attorney produced no witnesses, made no objections and took no exceptions. He agreed to every stipulation of facts proposed by the attorney for plaintiffs, and briefly and perfunctorily cross-examined one of the two witnesses produced by plaintiffs. He raised no question of law or of fact in opposition to plaintiffs' claim.

1. Plaintiffs' first contention is that the trial court erred in overruling their

motion to strike certain parts of the petition to vacate. They argue that all that portion of the petition dealing with the filing of the cases, and the proceedings therein prior to the trial, all allegations which attempted to incorporate by reference the pleadings and evidence in the case, and all allegations concerning what they term the negligence of the county attorney, and the breach of duty on the part of both attorneys to the trial court, should have been stricken as redundant and irrelevant matter.

The rule that the judgment of the trial court will not be reversed for refusal to strike portions of a pleading unless the moving party is prejudiced by such ruling is well settled. Ambrose v. Province (1930) 150 Okla. 120, 300 P. 758. While certain paragraphs of the petition relating the history of the cases were perhaps superfluous, no prejudice to plaintiffs is shown to have resulted from the refusal of the trial court to strike them. The other allegations at which the motion was directed were for the most part relevant and material. We conclude that reversible error was not committed in overruling the motion.

2. Plaintiffs next contend that the petition did not state a cause of action, or entitle defendant to the relief prayed for, and that therefore their demurrer should have been sustained. The jurisdictional ground contained in the demurrer is not urged, and as the trial court undoubtedly had jurisdiction of the person of plaintiffs and of the subject of the action, that ground of the demurrer will be treated as abandoned. Plaintiffs assert that the allegations of the petition to vacate are merely allegations of negligence on the part of the county attorney, and that negligence of an attorney is not ground for vacating a judgment after the term at which it is rendered has expired. If the construction of the petition by plaintiffs is correct, and the only conclusion which may be drawn from the petition is that the judgment against defendant is the result of negligence on the part of the county attorney, then under the settled rule in this state defendant is not entitled to relief. Grayson v. Stith (1937) 181 Okla. 131, 72 P. 2d 820, 114 A.L.R. 276.

From the acts and conduct of the county attorney, as set out in the petition, more than mere negligence may be readily inferred. The allegations, if sustained by the proof, would justify the vacation of the judgment on the grounds of fraud and collusion.

In Abernathy et al. v. Huston, County Treasurer (1933) 166 Okla. 184, 26 P. 2d 939, this court distinguished constructive or legal fraud from actual fraud, and held that while ordinarily the fraud essential to vacate a judgment on direct attack must be actual fraud, such rule does not obtain in the case of municipalities who are represented in court by persons whose authority is defined, and whose duties are prescribed by law, but that in such case legal or constructive fraud is sufficient to justify the vacation of the judgment, and that such fraud exists where by collusion a judgment on an illegal demand is obtained against the municipality. While the facts in that case differed from those in the present case, the acts of the assistant county attorney in failing to notify interested parties, and in agreeing to an illegal judgment against the county treasurer, were strikingly similar to the acts of the county attorney in the present case, except that in the present case the semblance of a trial is alleged to have taken place. In the present case as in the Abernathy Case, the county attorney was by statute charged with the duty of representing the defendant.

The petition also charged that the attorney for plaintiffs and the county attorney misled the trial court by failing to disclose to it that judgment was sought on the special improvement certificates, which were not a legal claim against defendant, and that by concealing such fact, and other material facts, and by their stipulations, acts, statements, and conduct in the trial of the case, the plaintiffs procured a judgment which the trial court would not have

rendered had it been advised of the true facts. This court has repeatedly held that a judgment will be vacated for fraud which imposed on the trial court. Baldridge v. Smith (1919) 76 Okla. 36, 184 P. 153; Tracy v. Tracy (1919) 76 Okla. 161, 184 P. 81; Jones v. Snyder (1926) 121 Okla. 254, 249 P. 313.

The petition to vacate sets up a sufficient defense by stating that the defendant can and will, if the judgment be vacated, produce evidence establishing the validity of the certificates, the invalidity of which is the basis of plaintiffs' right to recover.

The demurrer admitted the truth of these allegations, and when plaintiffs elected to stand on their demurrer, and refused to plead further, defendant was not required to produce proof. In the absence of any denial of the allegations of the petition to vacate, or issue raised as to the existence of the facts therein stated, the trial court properly assumed them to be correct, and vacated the judgment. This action necessarily implied an adjudication that the defendant had a valid defense as required by section 560, O. S. 1931, 12 Okla. St. Ann. § 1035; Moore v. Zeman, 109 Kan. 566, 200 P. 270. The proceeding was in the nature of a civil action (Grayson v. Stith, 181 Okla. 131, 72 P. 2d 820, 114 A. L. R. 276), and when plaintiffs stood on their demurrer the judgment against them was proper. Hopper v. Steward, 137 Okla. 228, 279 P. 354; Morgan v. Karcher, 81 Okla. 210, 197 P. 433. The statement that a party seeking to vacate a judgment after term must prove as well as allege a valid defense, made in Oklahoma Railway Co. v. Holt, 161 Okla. 165, 17 P. 2d 955; Crosbie v. Absher, 174 Okla. 593, 51 P. 2d 970; Moran v. City National Bank of Lawton, 183 Okla. 308, 82 P. 2d 682, and perhaps other cases, is only applicable where, as in ·those cases, the allegations of the petition to vacate were controverted, so that proof was required to establish them. That rule does not obtain where, as here, the petition sets up a sufficient defense, and

the truthfulness thereof is not challenged. The defendant is not required, as is the plaintiff in ejectment (see sec. 592, O. S. 1931, 12 Okla. St. Ann. § 1142), to establish the allegations of his petition, whether answer be filed or not.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and CORN, JJ., concur.