Ann CHESNUT, Plaintiff in Error,

v.

Herman BILLINGS, Defendant in Error.

Eunice LeBARRE, Plaintiff in Error,

v.

Herman BILLINGS, Defendant in Error.

Nos. 41891, 41892.

Supreme Court of Oklahoma.

March 18, 1969.

Hudson, Hunter & Hyde, Stewart M. Hunter, Oklahoma City, for plaintiffs in error.

Foliart, Shepherd, McPherren & Mills, Oklahoma City, for defendant in error.

JACKSON, Justice.

The question for decision in these cases is whether the trial court abused its discretion as a matter of law in vacating default judgments in a subsequent term of court. The facts are presented in the pleadings, and the parties will be given their trial court designations.

The pleadings show that plaintiff, Eunice LeBarre, was driving an automobile on June 26, 1964, and her sister, Ann Chesnut, was riding in her car. Plaintiffs were involved in an accident and sustained personal injuries when the defendant, Herman Billings, a resident of Missouri, allegedly drove from a private drive across the highway in front of plaintiffs causing plaintiffs to swerve to the right and overturn their car.

Plaintiffs brought separate suits in April, 1965, and obtained service under the Nonresident Motorist Act, 47 O.S.1961, Sec. 391, et seq. Default judgments were entered in favor of each plaintiff on June 25, 1965.

On October 11, 1965, defendant, Herman Billings, filed petitions to vacate the default judgments entered in each case and attached to each of his petitions a copy of the default judgment, an affidavit signed by defendant, and an answer to each of plaintiff's petitions.

On October 15, 1965, each of the plaintiffs filed a demurrer to defendant's petitions to vacate default judgments and attached to each demurrer, and made a part thereof, was an affidavit signed by counsel for plaintiffs and a copy of a letter written by counsel and addressed to defendant, dated August 18, 1964.

On November 24, 1965, the trial court overruled the demurrer of each of the plaintiffs; each plaintiff elected to stand upon her demurrer and the trial court rendered judgment vacating the judgments theretofore entered against defendant on June 25, 1965, and ordered that the cases be tried on plaintiffs' original petitions and the answers of the defendant. Plaintiffs appealed and the cases have been consolidated for briefing and disposition. The briefs and records in each case are identical.

We observe that the defendant does not attack the jurisdiction of the trial court to enter the default judgments for plaintiffs, and does not contend that they were illegally entered. His sole contention is that these default judgments were appropriately vacated.

The questions to be determined, as stated by plaintiffs, are as follows:

"(1) Does the defendant's petition to vacate judgment, with the attached exhibits, substantially comply with the Oklahoma Statutes, and state facts which constitute a statutory ground for vacation as well as (2) facts which constitute a valid defense to the original action?"

These questions present the issues, however, in view of the affidavit attached to the demurrers, as hereafter noted, we are of the view that plaintiffs' demurrer should be treated also as motions for judgments on the pleadings.

Defendant's petitions to vacate the default judgments are based upon the provisions of 12 O.S.1961, Section 1031, Subsection Seven, which authorizes a district court to vacate a judgment after the term at which the judgment was entered "For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

The facts show that defendant's residence at the time of the accident was 5526 Parks Street, Kansas City, Missouri. About two

weeks after the accident he changed his address and was absent from Kansas City on vacation at the time the postman attempted to deliver notice of suit. The letters containing the notices of suits were addressed to 5526 Parks Street, but were returned to plaintiffs' attorney undelivered. There is no suggestion that defendant was attempting to avoid summons, or was negligent in any way. Defendant had no knowledge of the actions filed against him until about the 13th of August, 1965, when he received a letter from his insurance company in which he was informed that plaintiffs were attempting to collect the judgments from defendant's insurance company.

The letter, written by plaintiffs' attorney, attached to plaintiffs' demurrers, and mailed to defendant on August 18, 1964, contain the following pertinent information:

"This is to advise that if you have automobile liability insurance, this letter should be forwarded to your Insurance Company immediately for proper handling. If you do not have automobile liability insurance, you should contact the undersigned immediately upon receipt of this letter for your own protection.

"If I do not hear from you or your Insurance Company, within two weeks from the date of this letter I will assume that you wish to contest this action and will file a law suit."

In defendant's affidavit he states that he received a letter from an attorney in Oklahoma City in August, 1964, and promptly turned it over to his insurance company.

In the affidavit signed by plaintiffs' attorney, and attached to plaintiffs' demurrers, we find additional facts which we quote:

" * * * That, on the 18th day of August, 1964, I mailed a letter to the defendant at 5526 Park Street, Kansas City, Missouri. * * * That, subsequently, the exact date being unknown to this affiant, I was contacted by one Larry Nichols, who is known to me

personally. to be an insurance adjuster and who was, at the time I talked to him, in the employ of Farmers Insurance Group. That said Larry Nichols represented to me that he was in possession of my letter addressed to the defendant and that his company carried the insurance for the defendant and that he would like to discuss the matter of this accident with me. On a subsequent date, the exact date which is unknown to this affiant, I had a telephone conversation with the said Larry Nichols, and he read over the telephone to me portions of what purported to be a statement from his insured, the defendant, Herman Billings, relating to his knowledge of the accident. * * * and that on the 7th day of April, 1965, this affiant did file the aforementioned actions in the District Court of Oklahoma County, * * *. That on the 25th day of June, 1965, the defendant, Herman Billings, having made no appearance in said causes, the matters were tried * * * and judgment entered * * *."

It is apparent that plaintiffs' attorney had been in contact with defendant's insurance company prior to filing the suits and it would have been easy to notify the company of the actions. In Singleton v. LePa, Okl., 425 P.2d 974, the facts are similar.

In Midkiff v. Luckey, Okl., 412 P.2d 175, we quoted extensively from former decisions of this court involving vacation of default judgments, as follows: * * * "each case must depend on the facts of the particular case"; "default judgments are never viewed with favor"; and "the uniform rule that has been followed by this court is that a petition to vacate a judgment is addressed to the sound legal discretion of the trial court, and his decision either vacating or refusing to vacate a judgment will not be disturbed unless abuse of such discretion clearly appears, and in order to warrant a reversal of an order vacating a judgment a much stronger showing of abuse of discretion

must be made than where a vacation of judgment is denied."

Plaintiffs invite our attention to Williams v. Egan, Okl., 308 P.2d 273. A default judgment was not involved in that case; only jurisdiction, which is admitted in the instant cases. Our attention is also invited to Geo. O. Richardson Machinery Co. v. Scott, 122 Okl. 125, 251 P. 482. In that case the court refused to relieve the defendant from the consequences of its own neglect, and since neglect on the part of the defendant is not present in this case the cited case is not decisive.

From the facts presented in the affidavits and pleadings we are unable to say that the trial court abused sound legal discretion in vacating the judgments either as a matter of law or fact; conditioned, of course, upon the further question of whether defendant's answers stated a defense to plaintiffs' causes of actions.

The defenses asserted in defendant's answers is that the plaintiffs were contributorily negligent and that the accident was unavoidable.

Defendant's plea for contributory negligence is a valid defense, and in the instant cases was sufficiently clear and definite to withstand a demurrer.

In the third paragraph of the syllabus in Federal Tax Co. v. Board of Com'rs of Okmulgee County, 187 Okl. 223, 102 P.2d 148, the court held:

"Where defendant, against whom a judgment has been rendered, files a petition to vacate such judgment after the term, under sections 556 and 558, O.S. 1931, 12 Okla.St.Ann. §§ 1031, 1033, and plaintiffs, upon the overruling of their general demurrer to such petition, elect to stand on the demurrer, and refuse to plead further, defendant is not required to prove that he has a valid defense, but the court may enter an order vacating the judgment, and such order is a sufficient adjudication that the defense alleged is valid, as required by section 560, O.S.1931, 12 Okla.St.Ann. § 1035."

The judgment of the trial court is affirmed.

All the Justices concur.