Jimmie C. CARTER and Eric D. Blackwood, Plaintiffs,

v.

INDEPENDENT SCHOOL DISTRICT NUMBER 6 OF SEQUOYAH COUNTY, OKLAHOMA and the State Department of Education of the State of Oklahoma, Defendants.

No. CIV–80–1075–D.

United States District Court, W.D. Oklahoma.

June 30, 1981.

Jon Tom Staton, Muskogee, Okl., for plaintiffs.

Lana Jeanne Tyree, Jan Eric Cartwright, Attys. Gen., John F. Percival and Kay Harley Jacobs, Asst. Attys. Gen., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

This is an action under 42 U.S.C. § 1983 by Plaintiffs seeking injunctive relief and compensatory and punitive damages against Defendants[1] for alleged violations of rights under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq. (Rehabilitation Act) and the Education of the Handicapped Act of 1975, as amended, 20 U.S.C. § 1400 et seq. (Education Act). It is asserted that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343.

Defendant State Department of Education of the State of Oklahoma (Department) has filed herein a "Motion for Partial Dismissal" supported by a Brief. Plaintiffs have filed a Brief in response thereto.

In support of its Motion, Defendant Department asserts that neither the Rehabilitation Act nor the Education Act provide Plaintiffs with a private right of action for monetary damages. Defendant Depart-ment, however, concedes that Plaintiffs have a private right of enforcement under said Acts. Plaintiffs respond that both the Rehabilitation Act and the Education Act provide a private right of action for monetary relief.

Defendant Department relies on *Miener v. Missouri,* 498 F.Supp. 944 (E.D.Mo.1980), and *Loughran v. Flanders,* 470 F.Supp. 110 (D.Conn.1979), to support its position that no private right of action for damages exists under either the Rehabilitation Act or the Education Act. Both *Miener* and *Loughran* concluded that Congress did not intend to grant a private right of action for money damages under said Acts. However, the Court notes that there are at least two cases which hold that a private right of action for money damages is afforded a plaintiff under said Acts. *Poole v. South Plainfield Board of Education,* 490 F.Supp. 948 (D.N.J.1980); *Boxall v. Sequoia Union High School Dist.,* 464 F.Supp. 1104 (N.D. Cal.1979).

In *Poole* the district court held that a private right of action would exist for money damages under 29 U.S.C. § 794. The Court in *Poole* reasoned that there are instances when injunctive relief comes too late and unless Congress specifically excluded the remedy of monetary relief, such relief should be available in order to promote enforcement of the Rehabilitation Act.

In *Boxall* the district court held that although a private right of action for monetary damages did not exist under the Rehabilitation Act, such a right of action did exist under § 615 of the Education Act, 20 U.S.C. § 1415. The court in *Boxall* concluded that a private right of action for monetary relief was intended by Congress under 20 U.S.C. § 1415 because of the specific statutory language and the legislative history of said Act. 20 U.S.C. § 1415 allows for a review of an administrative hearing under the Education Act by a trial de novo and allows the court to "grant all appropriate relief." The court stated that this clearly would include the power to grant

---

1. Plaintiffs are not seeking monetary damages against the State Department of Education as such relief would be barred by the 11th Amendment to the United States Constitution.

monetary relief to a private litigant under 20 U.S.C. § 1415.

■ This Court concludes that the *Boxall* opinion is the better view and accordingly finds that no private right of action for money damages was intended by Congress under the Rehabilitation Act. *Boxall v. Sequoia Union High School Dist., supra; see also, Miener v. Missouri, supra.* This determination, however, does not mean that Defendant Department's Motion should be granted as Plaintiffs are also seeking monetary (and other relief) under the Education Act.

■ In order to determine whether a private remedy is implicit in a statute not expressly providing one, a court must consider the following factors:

1. Is the plaintiff one of a class for whose benefit the statute was passed?

2. Is there any indication in the legislative intent either to create or deny such a remedy?

3. Would such a remedy be consistent with the underlying purpose of the statute?

4. Is the cause of action one traditionally relegated to the state law?

*Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

In the instant case, the legislative history of the due process procedures sections of the Education Act, 20 U.S.C. § 1415(e), clearly shows that the Plaintiffs would be members of the class which that section was meant to benefit, namely, handicapped children and their parents. S.Conf.Rep. No. 94–455, 94th Cong., 1st Sess. 47–50, *reprinted in* [1975] U.S.Code Cong. and Ad.News 1425, 1500–1503.

Furthermore, § 1415 clearly shows by its language that monetary damages may be awarded. Said statute provides for review of administrative decisions by trial de novo and allows the Court to "grant such relief as the Court determines is appropriate." 20 U.S.C. § 1415(e).

■ Monetary damages may be consistent with the underlying purpose of § 1415(e). The purpose of the statute is to assure that any party aggrieved by the findings and decisions of any state agency review shall have the right to bring a civil action with respect to that party's original complaint and matters related thereto. S.Conf.Rep. No. 94–455, *supra,* at 50. As pointed out in *Poole v. South Plainfield Board of Education, supra,* in civil actions sometimes injunctive relief comes too late to be effective and then the only appropriate relief would be monetary relief. In view of the broad purpose of § 1415(e), it would be inconsistent with the legislative intent to exclude a remedy from the courts in dealing with an action under § 1415(e).

Finally, the cause of action involved herein is a federally created cause of action and falls within the broad area of civil rights which is traditionally a federal cause of action and not confined to the state courts.

■ In view of the foregoing, the Court finds and concludes that 20 U.S.C. § 1415(e) does create a private right of action under the Education Act for money damages and therefore Plaintiffs' action for damages should not be dismissed. *Boxall v. Sequoia Union High School Dist., supra.* Accordingly, Plaintiffs' federal claims, including that for damages, are properly before this Court pursuant to 20 U.S.C. § 1415(e). Defendant District's Motion for Partial Dismissal should be overruled, and both Defendants are hereby directed to answer Plaintiffs' Amended Complaint within 20 days of this date.

It is So Ordered this 30th day of June, 1981.