The **BOARD OF GOVERNORS OF the REGISTERED DENTISTS OF OKLAHOMA, Appellant,**

v.

**Floyd SPIVA, Jr., Appellee.**

**No. 56767.**

Supreme Court of Oklahoma.

May 17, 1983.

Rehearing Denied June 7, 1983.

James E. Poe, Tulsa, Kay Karen Kennedy, Oklahoma City, for appellant.

Hammons, Wolking & Hammons, El Reno, for appellee.

LAVENDER, Justice:

On May 9, 1977, the district court entered a Judgment of Permanent Injunction permanently enjoining Appellee (defendant below) from practicing dentistry, as defined by law, without a valid and specific license therefore within Oklahoma County, and the State of Oklahoma. The Judgment of Permanent Injunction became final.

On March 9, 1981, the Board of Governors of the Registered Dentists of Oklahoma, Appellant, filed in the district court an Application for Second Citation for Contempt against Appellee alleging violation of the injunction and seeking the imposition of punishment by imprisonment in the county jail for a minimum time of not less than thirty days or a maximum of not more than one year and by a fine of not less than Five Hundred Dollars, pursuant to the provisions of 59 O.S.1981 § 328.49. A Second Contempt Citation was duly issued by the district court, and served upon Appellee.

Appellee filed a demurrer and motion to quash alleging that the action was not being prosecuted by the proper party in interest.

The trial court sustained Appellee's demurrer and motion to quash on the ground that the penalties imposed by 59 O.S.1981 § 328.49 constitute a criminal contempt which must be prosecuted by the District Attorney under the provisions of 19 O.S. 1981 § 215.4 which, in pertinent part, provides: "The District Attorney or his assistants shall appear in all trial courts and prosecute all actions for crime committed in his district, whether the venue is changed or not; ...."

The Board of Governors of the Registered Dentists of Oklahoma appeals.

The pertinent provision of 59 O.S.1981 § 328.49 states:

"In addition to any other penalties provided herein, any person found guilty of contempt of court by reason of the violation of any order of judgment of injunction prohibiting the unlicensed practice of dentistry now in effect or hereafter entered pursuant to any provision of this act, shall be punished by imprisonment in the county jail for a minimum time of not less than thirty (30) days or a maximum of not more than one (1) year and by a fine of not less than Five Hundred Dollars ($500.00); ...."

The quoted portion of 19 O.S.1981 § 215.4 has been literally construed and determined to be mandatory by the courts.

In *Driskell v. Goerke,* Okl.Cr., 562 P.2d 157 (1977), it was held that the mandatory language of § 215.4 prohibits the district

court from appointing a special prosecutor in a criminal case. In *Gowler v. State,* Okl.Cr., 589 P.2d 682 (1979) (686), the Court said:

"We have held that the prosecuting attorney has the authority to determine when to commence criminal action on behalf of the State and what charges to file, *Hutchison v. State,* Okl., 318 P.2d 885 (1957); and that the prosecuting attorney not only directs under what conditions a criminal action shall be commenced, but from the time it begins until the time it ends his supervision and control is complete, limited only by legal restrictions. *State v. District Court of 24th Judicial District,* Okl.Cr., 323 P.2d 993 (1958). See, *District of Columbia v. Buckley,* 74 U.S.App.D.C. 301, 128 F.2d 17 (1942)."

The precise issue now before the court is whether the proceedings for punishment authorized in the above-quoted portion of 59 O.S.1981 § 328.49 can only be brought by the district attorney in light of the provisions of 19 O.S.1981 § 215.4. The resolution of the issue turns on whether the punishment provisions of § 328.49 constitute "actions for crime committed in [the District Attorney's] district," as contemplated by § 215.4.

While both parties rely upon *Board of Governors, etc. v. Cryan,* Okl., 638 P.2d 437 (1982), cert. den., —— U.S. ——, 102 S.Ct. 1251, 71 L.Ed.2d 444 the issue now before us was neither raised nor considered in *Cryan.* In *Cryan* the Court was asked to decide not whether the district attorney should prosecute the alleged violation of a § 328.49 injunction, but whether the evidence of guilt must be established beyond a reasonable doubt. In that case, we noticed the evidence under either the standard of preponderance of the evidence or the more stringent standard applied in criminal matters of beyond a reasonable doubt was satisfied because all of the evidence tended to show (and there was even an admission of violation of the injunction) that the injunction was in fact violated.

In the case presently before the Court we are, for the first time, squarely presented with the issue of whether an alleged violation of a § 328.49 injunction is made a crime by that statute and therefore must be, because of 19 O.S.1981 § 215.4, *supra,* brought by the District Attorney.

Title 21 O.S.1981 § 3 provides:

"A crime or public offense is an act or omission forbidden by law, and to which is annexed, upon conviction, either of the following punishments:

1. Death;

2. Imprisonment;

3. Fine;

4. Removal from office; or,

5. Disqualification to hold and enjoy any office of honor, trust, or profit, under this State."

The punishment to be imposed under 59 O.S.1981 § 328.49 is not for the purpose of coercing the accused into doing something primarily for the benefit of the Appellant or to restrain him from doing something detrimental to the Appellant. When the accused, under that statute, has been convicted and sentenced, nothing inures to the benefit of the Appellant except that benefit which the Appellant shares in common with all other members of the public in the protection the statute was obviously intended to afford the public. As we view the punishment prescribed by § 328.49, it is wholly punitive in its nature. The accused cannot "purge himself of contempt" and thereby secure his release from the punishment once it has been imposed. He is being punished for a transgression committed in the past. We hold that the charge of violating an injunction—because of the nature of the punishment which that violation calls for in the statute proscribing such a violation— charges the commission of a crime within the definition of 21 O.S.1981 § 3. See *Gompers v. Buck's Stove & R. Co.,* 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911).

The order of the trial court sustaining the demurrer and motion to quash is affirmed.

BARNES, C.J., SIMMS, V.C.J., and IRWIN, DOOLIN, OPALA and WILSON, JJ., concur.

HODGES and HARGRAVE, JJ., dissent.