Kenneth BETTIS, Appellant,

v.

Dr. Randall BROWN, D.D.S., Appellee.

No. 74500.

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 22, 1991.

Patrick E. Moore, Oklahoma City, for appellant.

Edward F. Garrison, Oklahoma City, for appellee.

OPINION

JONES, Judge:

Kenneth Bettis appeals from the District Court's Order sustaining Appellee, Dr.

Randall Brown's Motion to Dismiss for failure to state a claim upon which relief can be granted. Because we find that Bettis alleged facts sufficient to state a claim, we reverse and remand for trial.

On October 4, 1988, Bettis retained the services of Dr. Brown, a dentist, to repair a damaged tooth. During the course of treatment, Bettis suffered swelling of the face and lips. On March 4, 1989, Bettis attempted to procure his medical records from Brown to aid in his determination of whether Brown was negligent. Although Bettis provided written authorization and a copy of 76 O.S. § 19 to Brown's office staff, the records were not produced.

Bettis filed suit on May 18, 1989 alleging negligent medical treatment, refusal to provide medical records in violation of 76 O.S. §§ 19, 20, and intentional infliction of emotional distress. Bettis asked for reimbursement of attorney fees which were necessary to pursue his legal remedies, actual damages in excess of $10,000.00, and exemplary damages in excess of $10,000.00. Brown filed an entry of appearance on May 31, 1989, as authorized by 12 O.S.Supp.1985 § 2012(A), and thereby waived any right to object to the sufficiency of the Petition. On June 12, 1989, Dr. Brown provided the medical records to Bettis, and on October 10, 1989, Bettis voluntarily dismissed the malpractice action. Brown thereafter filed a motion to dismiss the remaining claim objecting to the sufficiency of the Petition. On November 6, 1989, the District Court sustained Brown's Motion to Dismiss for failure to state a claim upon which relief could be granted. Bettis appeals from that order.

The questions submitted for review are: (1) whether the District Court erred in sustaining Brown's Motion to Dismiss, (2) whether Bettis failed to allege facts sufficient to state a claim upon which relief can be granted, and (3) whether a violation of Title 76 O.S. §§ 19 and 20 creates a private right of action.

### I

▋ A Motion to Dismiss for failure to state a claim upon which relief can be granted is authorized by 12 O.S.Supp.1985 § 2012(B)(6). On appeal, the Court of Appeals will presume all the allegations of a complaint are true. *D.P. Enterprises, Inc. v. Bucks County Comm. College,* 725 F.2d 943 (3rd Cir.1934). Then, if the assumed facts establish a prima facie case, the order dismissing the suit will be reversed. A Petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts to support the claim. *Niemeyer v. U.S. Fidelity and Guaranty Co.,* 789 P.2d 1318, 1321 (Okl.1990); *Conly v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Frazier v. Bryan Memorial Hosp. Authority,* 775 P.2d 281 (Okl.1989); *Valley Vista Dev. Corp. v. City of Broken Arrow,* 766 P.2d 344, 348 (Okl.1988); *Buckner v. General Motors Corp.,* 760 P.2d 803, 812 (Okl.1988). Brown's Motion to Dismiss did not meet that burden. The Oklahoma Pleading Code does not require a plaintiff to set out in detail the facts upon which the claim is based. *Niemeyer* at 1320. It merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 12 O.S.Supp.1984 § 2008(A)(1), (2). Bettis' Petition meets these requirements. The facts alleged, if proven, would establish a prima facie case of intentional tort or negligence per se.

### II

▋ The elements of negligence are the existence of a duty owed by the Defendant to the Plaintiff; a breach of that duty; and an injury to the Plaintiff proximately flowing from the breach thereof. *Lay v. Dworman,* 732 P.2d 455, 457 (Okl.1977). In his Petition, Bettis alleged facts sufficient to prove the existence of a duty; that Brown breached that duty by refusing to furnish copies of medical records; that he suffered emotional distress; and was also forced into the expense of hiring an attorney and initiating litigation. By dismissing the malpractice claim after obtaining the medical records, Bettis could show that he

probably would not have found it necessary to bring the suit but for the breach of duty by Brown.

The duty of Brown to Bettis was established by Title 76 O.S. § 19 which requires a medical provider to furnish records or information to a patient. That duty is given a very liberal application in favor of those persons whom the legislature intended to protect. See *Cities Service Oil Co. v. Jamison,* 189 Okl. 445, 117 P.2d 776 (1941). Further, the law presumes that a duty established by law or custom will be duly performed. *Burgess v. Friedman & Son, Inc.,* 637 P.2d 908, 911 (Okl.Ct.App.1981). The legislature obviously intended to impose a duty upon medical care providers to furnish medical records to patients who comply with the procedure for obtaining them. See *Fuller v. Odom,* 741 P.2d 449 (Okl.1987).

### III

■ Brown urges that a criminal statute does not create a private right of action. He cites *Holbert v. Echeverria,* 744 P.2d 960 (Okl.1987) which held a private right of action is not implied from a regulatory statute. In that case, the statute expressly provided that any violation of its provisions may be prosecuted by the Attorney General or a district attorney to recover on behalf of an aggrieved consumer. *Id.* n. 6. The statute in the instant case has no such provision. In contrast to *Echeverria,* the Court in *Carter et al. v. Independent School District Number 6 of Sequoyah County, and The State Department of Education of the State of Oklahoma,* 550 F.Supp. 172 (W.D.Okl.1981) held a private right of action exists for violation of certain federal statutes under certain conditions. The Court stated a determination as to whether a private remedy is implicit in a statute must be based on the following factors:

1. Is the plaintiff one of a class for whose benefit the statute was passed?

2. Is there any indication in the legislative intent either to create or deny such a remedy?

3. Would such a remedy be consistent with the underlying purpose of the statute?

4. Is the cause of action one traditionally relegated to the state law?

The first three factors of the *Carter* test were adopted by the court in *Echeverria,* supra, which found the class of consumers too broad to include Plaintiff. However, Bettis is a member of a much more narrowly defined class: patients who need medical records to determine whether grounds exist for a malpractice suit, or for any other purpose. While the legislature did not expressly provide a civil remedy in 76 O.S. §§ 19, 20, it did not deny any remedy which would be consistent with the underlying purpose of the statute: to require medical providers to comply with its mandates and to reduce needless litigation and expense in medical malpractice claims, or to enable patient to change health care providers without repeating diagnostic procedures needlessly. The harm which the legislature sought to prevent is exactly the harm which has befallen Bettis. Even though the medical record statute provides a criminal penalty, the statute is located in Title 76 on Torts, indicating legislative intent that a civil action would be proper. The penalty in § 20 was included to strengthen § 19, not to eliminate the patient's civil remedies. Accordingly, noncomplying medical care providers are subject both to criminal penalties and civil liability under 76 O.S. §§ 19, 20.

The case of *Board of Governors of the Registered Dentists of Oklahoma v. Spiva,* 663 P.2d 735 (Okl.1983) is not controlling. The dental board attempted to fine or imprison an individual for violation of the licensing statutes. The Court properly held that only the District Attorney could bring such an action. 21 O.S. § 10 defines the punishment to be imposed for a misdemeanor: a fine or imprisonment. There is clearly no private right of action for the

imposition of such fines or prison sentences.

The facts in this case are different. Bettis has not attempted to impose a fine upon Dr. Brown, nor has Bettis attempted to imprison him. Actually, the imposition of a monetary penalty upon Dr. Brown would not help Bettis, nor would it compensate him for the expense and damage he claims to have incurred. Bettis seeks restitution, not punishment. Incidentally, the Court in *Spiva* noted the purpose of the regulatory statute was not to coerce the accused into doing something for the benefit of the Appellant. In contrast, the purpose of 76 O.S. Supp. 1987 § 19 is for exactly that reason. It was intended to compel medical care providers to furnish medical records to their patients for the purpose of avoiding the very harm which Bettis has suffered.

"Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefore in money, which is called damages." 23 O.S. § 3. The Court in *Johnson v. Harris,* 187 Okl. 239, 102 P.2d 940, 941 (1940) defined the commission of a crime as an "unlawful act" and placed it within the meaning of section 3, providing a cause of action to the injured person. The court in *Crosbie v. Absher,* 174 Okl. 593, 51 P.2d 970, 972 (1935) held that a penal procedure provided by statute is an additional remedy in favor of the plaintiff to an already existing civil cause of action for damages.

As Brown correctly argues, the issue of damages is premature. Whether Bettis will be able to show Brown's behavior justified punitive damages is not for the Court of Appeals to decide. We cannot base our holding on the parties' probable success at trial. Bettis has alleged damages and should therefore have an opportunity to prove them.

We hold that 76 O.S. §§ 19, 20 imposes a duty such that a breach thereof is compensable in a private right of action. The District Court erred in sustaining Brown's motion to dismiss because Bettis alleged facts sufficient to state a cause of action. Further, the District Court erred in dismissing the action after Brown waived his right to object to the sufficiency of the Petition by entering an appearance. The District Court's decision is reversed and remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

HUNTER, C.J., and HANSEN, P.J., concur.