**Jack Richard GREGORY, Appellant,**

v.

**Teresa Kay McLEMORE, Appellee.**

**No. 85280.**

Court of Appeals of Oklahoma, Division No. 1.

June 20, 1995.

---

**3.** For the purpose of this discussion we have used the correct term public official.

Roger H. Foster, Oklahoma City, for appellant.

Carol Furr, Watonga, for appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellant, Jack Richard Gregory, seeks review of an order of the trial court dismissing his "Petition for Paternity". We find the action should not have been dismissed.

Factually this case is unusual. Appellee/Mother, Teresa Kay McLemore, was in a common law marriage with Paul McLemore at the time the subject infant, Paul Wayne McLemore, was conceived. He was born on June 13, 1994. According to Appellant Gregory's paternity petition, however, he and Appellee/Mother were residing together when the child was conceived. Appellant contends he is the natural father of the child and seeks to establish his paternity.

On November 28, 1994, blood testing of Appellant, Appellee and the child at the Oklahoma Blood Institute determined a 99.71% probability that Appellant is, in fact, the father. Appellant attached a copy of the blood test results as an exhibit to his petition filed in January, 1995.

Appellee filed a motion to dismiss alleging that Appellant has no standing to seek a determination of paternity, and that the trial court has no subject matter jurisdiction because paternity was "previously determined". More specifically, her argument is that, irrespective of the blood test, because the child was born during wedlock to her common law husband, there is an irrebuttable presumption that her husband is the child's father. If so, as she claims, Appellant has no standing to challenge that presumption. Appellee also argues that when she and her common law husband divorced, the decree determined that her husband, Paul Roy McLemore, was the father.

A close look at the law is called for. Title 10 O.S.1991 § 1 provides that, "All children born in wedlock are presumed to be legitimate." This implies a presumption of paternity in the husband. Title 10 O.S.1994 Supp. § 2 codified the presumptions of paternity. In pertinent part it reads:

"A. Except as otherwise provided by Section 215 of Title 84 of the Oklahoma Statutes, a man is presumed to be the natural father of a child for all intents and purposes if:

1. He and the child's natural mother are or have been married to each other and the child is born during the marriage....;

2. Before the child's birth, he and the child's natural mother have cohabitated and the child is born within ten (10) months after the termination of cohabitation....;

\* \* \* \* \* \*

5. Statistical probability of paternity is established at ninety-five percent (95%)

or more by scientifically reliable genetic tests, including but not limited to blood tests.

B. The presumption of paternity created pursuant to this section may be disputed pursuant to Section 3 of this title."

Section 3 identifies who may challenge the presumptions and clearly states that "a putative father" may do so.

"A. The presumption of paternity created pursuant to Section 2 of this title may be disputed only by the husband or wife, the putative father or their descendants. . . ."

10 O.S.1994 Supp. § 3.

Appellee's ex-husband was entitled to a presumption of paternity under 10 O.S. § 2(A)(1) due to the fact of his common law marriage to Appellee when the child was born. Section 2(A)(2) provides a statutory presumption of paternity to Appellant in that he alleged in his petition that he and Appellee were cohabitating when the child was conceived. Section 2(A)(5) provides a separate presumption in favor of Appellant due to the blood test results. Thus, both Appellee's ex-husband and Appellant are entitled to presumptions of paternity to the same child.

■ As Appellant has a statutory presumption of paternity, he clearly has the standing to assert a paternity action. That Appellee's ex-husband is entitled to his own conflicting presumption of paternity is clear, but just as clear is that his presumption is *not* irrebuttable. The trial court has subject matter jurisdiction to resolve these conflicting presumptions.

There is nothing in § 2 indicating that in the event of such conflicting presumptions, one is favored over the others. However, 10 O.S. § 505 indicates that evidence of paternity based upon scientific testing will overcome a presumption based on wedlock.

"Except as otherwise provided by law, presumption of legitimacy of a child born during wedlock is overcome if the court finds that the conclusions of all the experts, as disclosed by the evidence based upon the tests, show that the husband is not the father of the child."

10 O.S.1994 Supp. § 505. That, however, is a matter to be considered upon remand.

■ Appellee also argues that jurisdiction is lacking because paternity was previously determined by the trial court. Although she does not tell us where, how or when paternity was determined, presumably she is referring to the divorce decree filed October 5, 1994, in which the only relevant language states:

"Of the said marriage, two (2) children have been born, to-wit: Tiffany J. McLemore, born November 27, 1986, and Paul Wayne McLemore, born June 13, 1994."

This language merely states what is undisputed, that the child, Paul Wayne McLemore, was born while his mother was married to Paul R. McLemore. There is no indication that paternity was even an issue in the divorce. In no way can that language be construed as determining the parental rights, if any, of Appellant, who, needless to say, was not a party thereto. The divorce decree simply has no effect on Appellant's rights to maintain this paternity action.

■ In reviewing an order granting a motion to dismiss, our Supreme Court has held that the trial court errs in granting such a motion "*unless* the allegations indicate beyond *any doubt* that the litigant can prove *no* set of facts which would entitle him to relief." (Emphasis in original.) *Frazier v. Bryan Memorial Hosp. Authority*, 775 P.2d 281, 287 (Okla.1989). On review, we must presume all allegations of the petition to be true. "[I]f the assumed facts establish a *prima facie* case, the order dismissing the suit will be reversed." *Bettis v. Brown*, 819 P.2d 1381, 1382 (Okla.App.1991). Appellant's petition for paternity stated facts sufficient to establish a *prima facie* case. He has standing to bring this action and the trial court has jurisdiction to hear it. The order of the trial court is reversed and this case is remanded for further proceedings consistent herewith.

REVERSED AND REMANDED.

JOPLIN, J., concurs.

HANSEN, P.J., concurs in result.