1998 OK 74

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Rick LOEWENHERZ, Respondent.**

**No. SCBD # 4302.**

Supreme Court of Oklahoma.

July 7, 1998.

Mike Speegle, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Rick Loewenherz, Tulsa, Oklahoma, Respondent pro se.

HODGES, J.

¶1 Respondent, Rick Loewenherz, tendered his resignation from membership in the Oklahoma Bar Association, pending disciplinary proceedings, on June 24, 1998. Complainant, Oklahoma Bar Association (OBA), has requested approval of Respondent's resignation.

¶2 On September 30, 1997, the OBA filed a claim against Respondent alleging four counts of misconduct. The complaint alleged that: 1) Respondent took a retainer of $500.00 from a client in a paternity and child custody matter and an additional $200.00 for paternity testing which was never performed; 2) while suspended for nonpayment of dues and failure to complete continuing legal education requirements, Respondent engaged in the unauthorized practice of law; 3) Respondent refused to communicate with his client in the paternity action; and 4) Respondent converted the $500.00 retainer and $200.00 test deposit to his own use after commingling these funds with his own funds. That complaint was assigned Supreme Court Bar Discipline No. 4302. A grievance has also been lodged with the General Counsel of the OBA in DC 98–133 concerning an indictment filed against Respondent in federal court in *United States v. Loewenherz*, 98–CR–26–C (N.D.Okla.). In the indictment, Respondent is charged with mail fraud and with embezzlement of a total of $47,980.00 from two bankruptcy estates.

¶3 In his affidavit regarding his resignation pending disciplinary proceedings, Respondent acknowledges that his resignation is free and voluntary, that he is not being subjected to coercion or duress, and that he is aware of the consequences of submitting his resignation. After reciting the allegations made against him, Respondent admits that the allegations if proven, would consti-

tute violations of Rules 1.3 and 8.4 of the Oklahoma Rules Governing Professional Conduct, Okla. stat. tit. 5, ch. 1, app. 3–A (1991), and his oath as an attorney. Respondent further acknowledges that his resignation is in compliance with the Rules Governing Disciplinary Proceedings, Okla. stat. tit. 5, ch. 1, app. 1–A (1991 & Supp 1997), and that the costs incurred in this matter have been waived by the OBA.

¶ 4 The name of Rick Loewenherz is hereby stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment. Loewenherz may not make application for reinstatement prior to the expiration of five years from the date of this opinion. Pursuant to Rule 9.1 of the Rules Governing Disciplinary Proceedings, Okla. stat. tit. 5, ch. 1, app. 1–A, Loewenherz shall notify all of his clients having legal business pending with him within twenty days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of Respondent shall be a condition of reinstatement.

RESIGNATION APPROVED. RESPONDENT'S NAME STRICKEN FROM ROLL OF ATTORNEYS.

¶ 5 KAUGER, C.J., SUMMERS, V.C.J., and LAVENDER, SIMMS, HARGRAVE and ALMA WILSON, JJ., concur.

¶ 6 WATT, J., dissents.

"I would disbar the Respondent from the practice of law."

¶ 7 OPALA, J., Not Participating.