1998 OK CIV APP 182

**Dennis GAINES, Plaintiff/Appellant,**

v.

**STATE of Oklahoma, by and through OKLAHOMA DEPARTMENT OF CORRECTIONS, Oklahoma State Industries, and Joseph Harp Correctional Center, Defendant/Appellee.**

**No. 89,853.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 20, 1998.

Rehearing Denied Nov. 18, 1998.

Dennis Gaines, Lexington, Pro se.

Drew Edmondson, Attorney General, Barbara C. Stoner, Assistant Attorney General, Oklahoma City, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Presiding J.

¶ 1   Plaintiff/Appellant Dennis Gaines suffered a severe injury to his right hand November 4, 1994 while working at Oklahoma State Industries furniture factory at the Joseph Harp Correctional Center.   Gaines, an inmate at the Center, was operating a large panel saw while manufacturing office furniture.   He was under the saw cleaning the trough where the blade traveled.   While his hand was in the trough, another inmate working on the saw started the saw.   The sprocket caught Gaines' hand and pulled it into the saw, resulting in amputation of a part of Gaines' hand.   Gaines timely filed his notice of claim and then sued the State July 15, 1996 for his injuries.   The State's motion to dismiss, based on exemptions from liability provided in the Governmental Tort Claims Act, was granted.   We affirm.

¶ 2   On review of a motion to dismiss for failure to state a claim upon which relief can be granted,

the Court of Appeals will presume all the allegations of a complaint are true.   Then, if the assumed facts establish a prima facie case, the order dismissing the suit will be reversed.   A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts to support the claim.[1]

*Bettis v. Brown,* 1991 OK CIV APP 93, 819 P.2d 1381, 1382.

1.  Citations omitted.

¶ 3 Gaines alleged negligence on the part of the State in failing to adequately maintain the equipment and in failing to train and supervise the inmates in its use. He also claimed the saw was defectively designed.

¶ 4 The State claimed exemption from liability based on the Governmental Tort Claims Act, 51 O.S. Supp.1994 § 155(24) and (26):

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
> *　*　*　*　*　*
>
> (24) Provision, equipping, operation or maintenance of any prison, jail or correctional facility, . . .;
>
> *　*　*　*　*　*
>
> (26) Any claim or action based on the theory of manufacturer's products liability or breach of warranty, either expressed or implied;

¶ 5 The legislature has determined that Oklahoma has sovereign immunity from liability for torts which has been waived to the extent and manner provided in the Governmental Tort Claims Act. 51 O.S. Supp.1994 § 152.1 Two of the exceptions to the waiver are torts resulting from the operations of a prison and claims under a theory of manufacturer's products liability.

¶ 6 Prison industries are part of the operation of a prison. The fact that prison industries hope to produce revenue for the Corrections Department does not change the coverage of the exemption. Likewise, Gaines' defective design claim falls clearly within § 155(26).

¶ 7 Gaines argues that the exemptions deny him a remedy in either workers' compensation law or in tort. He cites other jurisdictions which have laws providing a means for prisoners to recover when injured in an industrial accident. Oklahoma, however, does not have any law which would permit recovery under the facts alleged, nor is there any argument that Oklahoma must provide such a remedy.

¶ 8 For these reasons, we affirm the order of the trial court dismissing Gaines' lawsuit.

AFFIRMED.

ADAMS, J., concurs; HANSEN, J., dissents.