Dear Senator, Dick Wilkerson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Do the provisions of 76 O.S. Supp. 2000, § 19require a"doctor, hospital, or other . . . [health care] institution" tofurnish to a current or former patient of such doctor, hospitalor other health care institution the originals of such patient'sx-ray upon request of the patient without charge, including anyrequirement for a refundable deposit?
 2. Do the provisions of the above-referenced statute require adoctor, hospital or other health care institution to furnish to athird party, without charge, the originals of an x-ray of acurrent or former patient of such doctor, hospital or otherhealth care institution, upon request of the third party when thethird party has been authorized by the patient to make such arequest?
 3. May a doctor, hospital or other health care institutionrequire a current or former patient of such doctor, hospital orother health care institution, to pay a charge, including anyrequirement for a refundable deposit, to obtain the originals ofsuch patient's x-ray when the purpose of such request is forfurther treatment by a chiropractor if the doctor, hospital orother health care institution does not impose such a charge whenthe purpose of such a request is for further treatment by ahealth care provider who is not a chiropractor?
 I.
¶ 1 Absent contractual agreements or statutes to the contrary, medical records and x-rays are the property of the health care provider, even when the patient has paid separately for the x-rays. 61 Am. Jur. 2d Physicians, Surgeons, and Other Healers
§ 165 (1981). However, a patient has a property interest in his medical records and x-rays.
¶ 2 Title 76 O.S. Supp. 2000, § 19[76-19] provides:
 A. 1. Any person who is or has been a patient of a doctor, hospital, or other medical institution shall be entitled to obtain access to the information contained in the patient's medical records, including any x_ray or other photograph or image, upon request.
 2. Any person who is or has been a patient of a doctor, hospital, or other medical institution shall be furnished copies of all records, including any x_ray or other photograph or image, pertaining to that person's case upon request and upon the tender of the expense of the copy or copies. The cost of each copy, not including any x_ray or other photograph or image, shall not exceed twenty_five cents ($0.25) per page. The cost of each x_ray or other photograph or image shall not exceed Five Dollars ($5.00) or the actual cost of reproduction, whichever is less. The physician, hospital, or other medical professionals and institutions may charge a patient for the actual cost of mailing the patient's requested medical records, but may not charge a fee for searching, retrieving, reviewing, and preparing medical records of the person.
Id.
¶ 3 The Oklahoma Statutes expressly grant a patient or former patient the right of access to x-rays contained in the patient's medical records. 76 O.S. Supp. 2000, § 19[76-19](A)(1). Stated differently, this statute imposes upon a doctor, hospital or other health care institution an affirmative duty to ensure patients have access to their records.[1] Bettis v.Brown, 819 P.2d 1381, 1383 (Okla.Ct.App. 1991). The dispositive issue in your first question is the extent of availability the Legislature intended to bestow by using the word "access." "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." 25 O.S. 1991, § 1[25-1]. In its common usage "access" means "freedom or ability to obtain or make use of." Webster's Third New International Dictionary 11 (3d ed. 1993). Given this common meaning, it is evident the Legislature at least intended for doctors, hospitals and other health care institutions to make medical records available to patients for examination. It is also a reasonable understanding of the term "access" to conclude that the Legislature intended for patients to have a right to make use of their x-rays.
¶ 4 For a patient to make use of an x-ray requires that the patient have a means by which the x-ray may be possessed and removed from the health care provider's control. This could be accomplished by allowing patients the right to obtain their original x-rays. Standing alone, 76 O.S. Supp. 2000, § 19[76-19](A)(1) is susceptible to an interpretation that would require a doctor, hospital or other health care institution to turn over control of the originals of records to patients in order to achieve the Legislature's intent. However, the legislative intent behind a statute is ascertained from considering the whole act in light of the general purpose and objective, not just the individual provisions separately. Cmty. Bankers Ass'n v. Okla. StateBanking Bd., 979 P.2d 751, 756 (Okla. 1999) (citations omitted).
¶ 5 In determining legislative intent, Oklahoma follows the rule of statutory construction "expressio unius est exclusio alterius," which means the mention of one thing impliedly excludes another thing. R.R. Tway, Inc. v. Okla. Tax Comm'n,910 P.2d 972, 977 (Okla. 1995). By including a provision which requires copies of x-rays be provided in 76 O.S. Supp. 2000, §19[76-19](A)(2), the Legislature negated the possibility that Section 19(A)(1) can be read to require a doctor, hospital or other health care institution to turn over absolute control of the originals of x-rays to patients. The inclusion of this specific way to obtain the records limits both the right of the patient and the duty of the health care provider.
¶ 6 Furthermore, it is also a rule that nothing which is outside the manifest intention of the Legislature may be read into a statute, and a statute should not be construed more broadly than its terms require. Am. First Title Trust Co. v.First Fed. Sav. Loan Ass'n, 415 P.2d 930, 939 (Okla. 1965). To read "obtain access" to mean the original x-rays must be given to a patient would be to supplement the scheme the Legislature prescribed to meet its objective.
¶ 7 However, the legislative objective of patient usage necessarily imposes a qualitative burden upon health care providers to furnish patients with a copy that can be used for diagnostic purposes. If a copy is of inferior quality or cannot be made, the intent of the legislature is not realized. For instance, a photocopy of an x-ray would be of minimal utility to another health care provider. In order to bring the Legislature's objective to fruition, copies of x-rays must be of sufficient quality to render them usable. If a usable copy cannot be obtained, a patient has the right to access the original x-rays under conditions that make the statutory provisions meaningful. This may include removal and temporary possession of the original x-rays. Whether a copy is usable is a question of fact and is not the proper subject of an Attorney General Opinion. 74 O.S. Supp.2000, § 18b(A)(5).
¶ 8 Therefore, 76 O.S. Supp. 2000, § 19[76-19](A)(1) requires a doctor, hospital or other health care institution to make x-rays available to patients for examination and to provide usable copies upon demand, provided the statutorily prescribed charge is tendered. However, if a usable copy cannot be obtained a patient has the right to obtain the original x-rays.
 II. Third Party Access
¶ 9 Patients have an interest in their medical records. See76 O.S. Supp. 2000, § 19[76-19]. Medical records are confidential. 12O.S. 1991, § 2503[12-2503]; 43A O.S. Supp. 2000, § 1-109[43A-1-109](A). The basic function of 76 O.S. Supp. 2000, § 19[76-19] is to facilitate the exchange of medical records between the patient and the health care provider, in light of this confidentiality. The essence of your second question is whether the rights and duties of the patient under Section 19, as set forth in part I of this Opinion, may be assigned to a third party. The text of Section 19 is silent as to the assignability of its enumerated rights. However,43A O.S. Supp. 2000, § 1-109[43A-1-109](A)(1) allows the release of medical records to a third party if a written release is executed by the patient. That statute provides:
 Except as provided in this section and Section 19 of Title 76 of the Oklahoma Statutes, privileged or confidential information shall not be released to anyone not involved in the treatment programs without a written release by the patient or, if a guardian has been appointed for the patient, the guardian of the patient, or an order from a court of competent jurisdiction.
Id.
¶ 10 The exception to confidentiality in 76 O.S. Supp. 2000, §19[76-19](B) provides:
 1. In cases involving a claim for personal injury or death against any practitioner of the healing arts or a licensed hospital, arising out of patient care, where any person has placed the physical or mental condition of that person in issue by the commencement of any action, proceeding, or suit for damages, or where any person has placed in issue the physical or mental condition of any other person or deceased person by or through whom the person rightfully claims, that person shall be deemed to waive any privilege granted by law concerning any communication made to a physician or health care provider with reference to any physical or mental condition or any knowledge obtained by the physician or health care provider by personal examination of the patient; provided that, before any communication, medical or hospital record, or testimony is admitted in evidence in any proceeding, it must be material and relevant to an issue therein, according to existing rules of evidence.
 2. Any person who obtains any document pursuant to the provisions of this section shall provide copies of the document to any opposing party in the proceeding upon payment of the expense of copying the document pursuant to the provisions of this section.
Id.
¶ 11 Both of these statutes provide means by which the confidentiality of medical records may be waived. Therefore, a patient's rights under Section 19 may be assigned to an authorized agent if the requirements of 43A O.S. Supp. 2000, §1-109[43A-1-109](A)(1) or 76 O.S. Supp. 2000, § 19[76-19](B) are met.
 III. Charges and Deposits
¶ 12 Two distinct issues comprise your third question. The first issue is whether a doctor, hospital or other health care institution, may require a patient to pay a charge, including any requirement for a refundable deposit, to obtain the originals of such patient's x-rays. The second issue is whether such a charge or deposit must be assessed uniformly, regardless of the purpose of the request.
 A.
¶ 13 Title 76 O.S. Supp. 2000, § 19[76-19](A)(2) specifically allows and prescribes certain charges in relation to requested records. The statute provides in pertinent part:
 Any person who is or has been a patient of a doctor, hospital, or other medical institution shall be furnished copies of all records, including any x-ray or other photograph or image, pertaining to that person's case upon request and upon the tender of the expense of the copy or copies. The cost of each copy, not including any x-ray or other photograph or image, shall not exceed twenty-five cents ($0.25) per page. The cost of each x-ray or other photograph or image shall not exceed Five Dollars ($5.00) or the actual cost of reproduction, whichever is less. The physician, hospital, or other medical professionals and institutions may charge a patient for the actual cost of mailing the patient's requested medical records, but may not charge a fee for searching, retrieving, reviewing, and preparing medical records of the person.
Id.
¶ 14 When a patient has a right to obtain the original x-rays under the statute, a health care provider cannot require a charge or deposit to obtain those originals. Nothing in 76 O.S. Supp.2000, § 19[76-19] permits a doctor, hospital, or other health care institution to impose a charge or deposit on a patient to obtain access to medical records and x-rays. Title 76 O.S. Supp. 2000,§ 19[76-19](A) grants patients an unfettered right to obtain access to their medical records and x-rays. Health care providers may not charge a fee for searching, retrieving, reviewing, and preparing records, nor may they charge for making records available for examination. 76 O.S. Supp. 2000, § 19[76-19](A)(2). The only charges that may be assessed by the health care provider are for the actual cost of mailing and copies. Id.
 B.
¶ 15 The second part of your question asks whether a charge or deposit for obtaining possession of original medical records must be assessed uniformly, regardless of the purpose of the request. Title 76 O.S. Supp. 2000, § 19[76-19] does not limit the reasons for which a patient may request his/her medical records. Therefore, a health care provider may not deny a patient access to medical records because of the reason for the request. However, Section 19 does not address a situation where charges are sought to be assessed for obtaining original x-rays when the patient has no right to possession under the statute. Therefore, Section 19 does not require uniformity in charges that fall outside the scope of the statute.[2]
¶ 16 It is, therefore, the official Opinion of the Attorney General that:
1. Absent contractual agreements or statutes to the contrary,medical records and x-rays are the property of the health careprovider, even when the patient has paid separately for thex-rays. Under 76 O.S. Supp. 2000, § 19, a "doctor, hospital,or other . . . [health care] institution" must make medicalrecords available to patients for examination and must provideusable copies upon demand. A doctor, hospital or other healthcare institution has the right to charge the prescribed statutoryamount for copies and mailing. However, if a usable copy cannotbe obtained a patient has a right to obtain the original x-rays.
 2. A patient's rights under 76 O.S. Supp. 2000, § 19[76-19] maybe assigned to an authorized agent if the requirements of 43AO.S. Supp. 2000, § 1-109(A)(1) or 76 O.S. Supp. 2000, §19(B) are met.
 3. When a patient has a right to possess the original x-raysunder 76 O.S. Supp. 2000, § 19, no fee or deposit may berequired to obtain those originals. Whether a patient has a rightto possess the original x-rays is a question of fact and law.74 O.S. Supp. 2000, § 18b(A)(5).
 4. A patient may not be denied access to medical records andx-rays based on the reason for the request. Title 76 O.S. Supp.2000, § 19[76-19] does not address whether charges that fall outsideof the scope of the statute must be applied uniformly.
W.A. DREW EDMONDSON Attorney General
D. CASEY DAVIS Assistant Attorney General
[1] These rights and duties are subject to 76 O.S. Supp. 2000,§ 19[76-19](A)(3) which limits a patient's access to psychiatric and psychological records.
[2]This Opinion does not consider whether uniformity in charges would be required under the 14th Amendment of the U.S. Constitution for health care providers who are state actors, possible anti-trust violations, or possible violations of applicable codes of ethics.