2009 OK CIV APP 37

**Paul REES, Plaintiff/Appellant,**

v.

**BP AMERICA PRODUCTION CO., Defendant/Appellee.**

No. 105,012.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 22, 2008.

Rehearing Denied April 25, 2008.

Certiorari Denied April 13, 2009.

Michael Burrage, Burrage Law Firm, Durant, OK, for Plaintiff/Appellant.

Charles D. Neal, Jr., Scott Daniel McDonald, Steidley & Neal, McAlester, OK, and Jeffrey S. Powell, Daniel T. Donovan, Zhonette M. Brown, Kirkland & Ellis L.L.P., Washington, D.C., for Defendant/Appellee.

CAROL M. HANSEN, Judge.

¶1 Plaintiff/Appellant, Paul Rees, seeks review of the trial court's order dismissing Rees' class action claim against Defendant/Appellee, BP America Production Co. (BP), and allowing Rees' individual action to proceed. We affirm because Rees' class action claim is precluded by the denial of class certification in a previous case in which Rees was an unnamed member of the proposed class.

¶2 Rees sued BP, alleging he owned interests entitling him to receive royalty payments from BP on gas BP produced from properties located in LeFlore County and included in the Red Oak–Norris Field. He alleged BP underpaid royalties by wrongfully charging marketing fees and costs of making the gas marketable, including costs for gathering, treatment, compression, and dehydration, to royalty owners. Rees sought to bring the case as a class action on behalf of himself and "all similarly situated persons and entities who have received royalty payments from [BP] on Gas Substances produced from the Red Oak–Norris Field."

¶3 BP moved to dismiss based on prior actions pending or in the alternative to stay the case or transfer venue to Pittsburg County. Two other cases were pending against BP for underpaid royalties: *Watts v. Amoco Production Company* (now BP), Case No. C–2001–73 filed in Pittsburg County, and *Chockley v. BP America Production Company,* Case No. CJ–2002–84 filed in Beaver County. In *Watts,* the plaintiffs sought to represent a class consisting of "royalty owners in oil and gas drilling and spacing units established by the Oklahoma Corporation

Commission in Pittsburg, Latimer, Haskell, Leflore, Coal, Sequoyah, and Atoka Counties, Oklahoma to which [BP] distributes royalty, and for which [BP] has sold production to its affiliates and/or deducted post-production costs or marketing-related fees from the royalties paid." In *Chockley*, the plaintiffs defined the class as those who "own or have owned oil, gas and other minerals underlying tracts of land in Oklahoma which are subject to various oil and gas leases and/or pooling order of the Oklahoma Corporation Commission pursuant to which BP is/was a working interest owner in oil and gas wells, and /or operated oil and gas wells within units which encompass such minerals."

¶ 4 In *Watts*, the trial court denied class certification and the plaintiffs appealed. Over Rees' objection, the trial court in this case granted a stay pending completion of the *Watts* appeal. In an unpublished opinion in *Watts v. Amoco Production Co.*, Case No. 90,404 (Sept. 14, 2004), the Oklahoma Court of Civil Appeals affirmed denial of class certification, stating,

> We think it sufficient to note that (1) gas produced by the wells in question was marketable at the wellhead, (2) the costs incurred between the wellhead and the pipeline tailgate to prepare the gas for introduction into the pipeline are post-production costs, and (3) the propriety of deducting those costs involves an individualized inquiry of the factors discussed in *Mittelstaedt v. Santa Fe Minerals, Inc.*, 1998 OK 7, 954 P.2d 1203, making this issue unsuitable for class action disposition. The need for individualized inquiry is further evident by the need to examine each of thousands of sales in deciding whether [BP] received the best market price for the gas *vis-à-vis* the costs incurred to prepare the gas for introduction into the pipeline.

The Oklahoma Supreme Court denied certiorari.

¶ 5 After mandate issued in *Watts*, the trial court in this case granted BP's motion to dismiss Rees' class action claim. Citing *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F.3d 763 (7th Cir.2003), the trial court applied the principle of issue preclusion in ruling Rees, as an unnamed member of the proposed class in *Watts*, was bound by the decision in *Watts* denying class action certification. Rees appeals from this interlocutory order.[1]

¶ 6 Concurrently with filing its appellate answer brief, BP moved to dismiss Rees' appeal for lack of standing, asserting it had determined Rees did not own a royalty interest in the Red Oak–Norris Field and therefore was not a member of the proposed class. Rees' petition alleges he owns such an interest. We must presume this allegation is true for the purpose of reviewing a ruling on a motion to dismiss. *Bettis v. Brown*, 1991 OK CIV APP 93, 819 P.2d 1381, 1382. Accordingly, BP's motion to dismiss this appeal is denied.

¶ 7 Rees contends the trial court erred in applying issue preclusion to an unnamed member of a class denied certification. He argues (1) an order denying class certification lacks the finality necessary to invoke issue preclusion, (2) an unnamed member of a proposed class denied certification is not a party to that litigation, and (3) the decision in *Watts* was not a decision on the same issues because Rees' claims are only a subset of those in *Watts* and *Chockley*. Rees also contends the trial court's preclusion of his class claims violates the due process rights of the absent members of the proposed *Watts* class, the trial court did not consider the ramifications of narrower classes, and its holding undermines public policy considerations by severely limiting the availability of the class action procedure.

¶ 8 *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation (Firestone)*, 333 F.3d 763 (7th Cir.2003), was successive to the Seventh Circuit Court of Appeal's previous decision that a federal district court abused its discretion in certifying nationwide classes covering multiple models of Ford vehicles and Firestone tires sold between 1990

---

1. 12 O.S.2001 § 993(A)(6) allows immediate appeal for an order that "[c]ertifies or refuses to certify an action to be maintained as a class action." Although the appeal in the case is from a ruling on a motion to dismiss, it has the effect of preventing the action from being maintained as a class action. Therefore, we will allow the appeal to proceed pursuant to § 993(A)(6).

and 2001. After plaintiffs began filing class suits in various state courts, Ford and Firestone asked the federal district court to enforce the Seventh Circuit's decision by enjoining all class actions against them. The district court denied the motion and Ford and Firestone appealed.

¶ 9 The Court stated its determination that a nationwide class action was an unproductive investment of judicial time did not forbid a state tribunal from making the effort, and its opinion contemplated that state courts would certify narrower classes. However, it recognized the filing of multiple suits suggested the plaintiffs' lawyers had adopted a strategy of filing in as many courts as necessary until a nationwide class was certified, thereby rendering insignificant all the no-certification decisions of other courts. The Court then applied the principle of issue preclusion, stating its decision that no nationwide class was tenable, although not a final judgment, was sufficiently firm to be accorded preclusive effect. It reasoned that "unnamed class members have the status of parties for many purposes and are bound by the decision whether or not the court otherwise would have had personal jurisdiction over them." *Id.* at 768. The Court conditioned the binding effect of a decision on absent class members upon the named representatives and their lawyers having furnished adequate representation. It rejected the plaintiffs' argument they had been denied the opportunity to opt out, stating "a person who opts out receives the right to go it alone, not to launch a competing class action," and noting every person in the previously proposed class still had the right to litigate individually. The Court concluded its prior judgment denying class certification was binding in personam on the unnamed class members. It directed the district court to issue an injunction preventing all members of the putative national classes and their lawyers from attempting to have nationwide classes certified over the defendants' opposition. 333 F.3d at 769.

¶ 10 The *Firestone* rationale is consistent with Oklahoma law. In *Cities Service Co. v. Gulf Oil Corp.*, 980 P.2d 116, 126, the Court stated, "Issue preclusion ... is an equitable doctrine. Where the parties' alignment and the raised legal and factual issues warrant and fairness to the parties is not compromised by the process, its application is appropriate." The Court assessed an order's finality by determining whether the conclusion in question was procedurally definite, considering the nature of the decision, the adequacy of the hearing, and the opportunity for review. The hearing was adequate if the party against whom the doctrine is to be applied had a full and fair opportunity to litigate to a conclusion the precluded issue. *Id.* at 127.

¶ 11 Following *Firestone*, we hold Rees, as an unnamed member of the proposed class in *Watts*, is bound by the Court's ruling denying certification to the proposed class, defined as "royalty owners in oil and gas drilling and spacing units established by the Oklahoma Corporation Commission in Pittsburg, Latimer, Haskell, Leflore, Coal, Sequoyah, and Atoka Counties, Oklahoma to which [BP] distributes royalty, and for which [BP] has sold production to its affiliates and/or deducted post-production costs or marketing-related fees from the royalties paid." Any other result would allow plaintiffs to continue filing broad class actions against BP until a trial court grants class certification, rendering ineffective the previous denials of other courts. Granting preclusive effect to the *Watts* ruling does not violate Rees' right to due process because the question was fully and fairly litigated to conclusion by an adequate representative and because Rees retains the right to proceed individually.

¶ 12 In addition, Rees or any other class member may seek certification of a narrower class, provided he is able to present a good faith argument the proposed circumscription of the class obviates individual inquiry of the factors set forth in *Mittelstaedt v. Santa Fe Minerals, Inc.*, 1998 OK 7, 954 P.2d 1203. Rees has not presented such an argument supporting the class proposed in his petition. Instead, he argues the scope of his claim is narrower than that in *Watts* because he has not asserted a fraud claim. The Court's denial of certification in *Watts* was based on the need for individualized inquiries as to the propriety of deducting post-production costs from royalties, not on the individual issues

posed by fraud. Eliminating a fraud claim does not sufficiently narrow the issues to obviate individual inquiry of the *Mittelstaedt* factors. Therefore, the *Watts* decision precludes consideration of class certification for the class as defined in Rees' petition. The trial court's order dismissing Rees' class claim is AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.